CENTRAL VERMONT TRANSPORTATION CO. *v.*
DURNING, COLLECTOR OF CUSTOMS.

. No. 247.   Argued December 13, 1934.—Decided January 7, 1935.

34

*Messrs. J. W. Redmond* and *Horace H. Powers* for petitioner.

*Assistant Attorney General Sweeney*, with whom *Solicitor General Biggs* and *Messrs. Paul A. Sweeney* and *M. Leo Looney, Jr.*, were on the brief, for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

This suit in equity was brought by petitioner in the district court for southern New York, to restrain respondent, a United States customs officer, from seizing merchandise transported by petitioner's vessels in coastwise traffic, in

alleged violation of § 27 of the Merchant Marine Act of June 5, 1920, c. 250, 41 Stat. 988, 999, 46 U. S. C., § 883. An interlocutory order of the district court restraining the seizure and forfeiture of the merchandise thus transported was reversed and set aside by the Court of Appeals for the Second Circuit, on the ground that the transportation was a plain violation of the statute. 71 F. (2d) 273. This Court granted certiorari upon a petition which the government, considering the question one of importance, did not oppose.

Petitioner is a Maine corporation, engaged in operating a steamship line on Long Island Sound between New London, Connecticut, and New York City, employing vessels built in the United States and documented under its laws. All of petitioner's shares of stock, with the exception of directors' qualifying shares, are owned and held by the Central Vermont Railway, Inc., a Vermont corporation, which is an interstate rail carrier, with its railroad extending northward from New London to points in Connecticut, Massachusetts and Vermont. The Railway's stock, except directors' qualifying shares, is held in turn by the Canadian National Railway Company, a Canadian corporation. The acquisition of stock of petitioner by the Central Vermont Railway, Inc. and of the latter's stock by the Canadian National Railway Company were duly approved by the Interstate Commerce Commission. 40 I. C. C. 589; 158 I. C. C. 397, 405, 406.

Petitioner and Central Vermont Railway, Inc., maintain a line for transportation of merchandise by rail and water, by continuous carriage, between points in the New England states and New York City. About two-thirds of the freight passing over the line either originates at points in the northwestern states and is routed over Canadian rail lines and thence over the Central Vermont rail and water line to New York City or passes over the same route in the other direction. These through routes have been

recognized by the Interstate Commerce Commission and tariffs for them have been filed with the Commission. The remainder of the traffic originates in New England or New York City and moves between those points. All the freight which moves by petitioner's boats between New London and New York City is therefore transported over the whole or some part of a through route recognized by the Interstate Commerce Commission.

Respondent has seized merchandise which had been shipped over the Central Vermont from St. Albans, Vermont, to New London and carried thence by petitioner's vessel to New York City, and threatens to seize other articles carried by petitioner's vessels upon shipments between points in New England and New York City. Petitioner contends that the threatened seizures, which will work irreparable injury to its business, are unauthorized by § 27 because: (a) not within its prohibition; (b) it does not apply to petitioner or the merchandise which it transports, because of the paramount and therefore exclusive jurisdiction of the Interstate Commerce Commission over the traffic in which petitioner participates; and (c), if applicable to them, it infringes the due process clause of the Fifth Amendment.

1. Section 27 of the Merchant Marine Act prohibits the transportation of merchandise, under penalty of its forfeiture, " by water, or by land and water," between points in the United States " in any other vessel than a vessel built in and documented under the laws of the United States and owned by persons who are citizens of the United States, . . . Provided, That this section shall not apply to merchandise transported between points within the continental United States, excluding Alaska, over through routes heretofore or hereafter recognized by the Interstate Commerce Commission for which routes rate tariffs have been or shall hereafter be filed with said Commission when such routes are in part over Canadian rail

lines and their own or other connecting water facilities. . . ."

The vessels of petitioner are not owned by persons who are citizens of the United States within the meaning of the Merchant Marine Act. Section 38, when read with § 37, provides that within the meaning of the Act " no corporation . . . shall be deemed a citizen of the United States unless the controlling interest therein is owned by citizens of the United States . . . but in the case of a corporation . . . operating any vessel in the coastwise trade the amount of interest required to be owned by citizens of the United States shall be 75 per centum." Subdivision (b) of the section declares: " The controlling interest in a corporation shall not be deemed to be owned by citizens of the United States (a) if the title to a majority of the stock thereof is not vested in such citizens free from any trust or fiduciary obligation in favor of any person not a citizen of the United States; or (b) if the majority of the voting power in such corporation is not vested in citizens of the United States; or (c) if through any contract or understanding it is so arranged that the majority of the voting power may be exercised, directly or indirectly, in behalf of any person who is not a citizen of the United States; or (d) if by any other means whatsoever control of the corporation is conferred upon or permitted to be exercised by any person who is not a citizen of the United States." Under these provisions the stock of petitioner, owned by a Vermont corporation, whose stock in turn is owned and its voting power vested in a Canadian corporation, is not " owned by persons who are citizens of the United States."

It is said that the merchandise transported by petitioner's vessels is freed from the prohibition of § 27 by the proviso that it shall not apply to merchandise transported over through routes recognized by the Interstate Commerce Commission, where such routes are in part over

Canadian rail lines. It is true that all merchandise transported on petitioner's vessels between New London and New York is transported over a part of such through routes as are exempted by the proviso. But the proviso does not speak of transportation merely over a domestic segment of a through route which elsewhere embraces Canadian rail lines. The immunity which it grants is to merchandise transported " over " the through routes described. Even though the merchandise carried between points in New England and New York City by rail and water line might be said to be transported on a through route which embraces Canadian rail lines, it plainly is not transported over the route.

The construction for which petitioner contends does violence to the words of the statute and would thwart its purpose. The policy declared by the enacting clause, and restated in the first section, of the Merchant Marine Act, is " to provide for the promotion and maintenance of an American merchant marine." The policy has found expression in the enactment of a series of statutes, beginning with the first year of the government, which have imposed restrictions of steadily increasing rigor on the transportation of freight in coastwise traffic by vessels not owned by citizens of the United States.[1] The Act of March 1, 1817, c. 31, 3 Stat. 351, forbade shipment in foreign vessels between ports in the United States. The Act of February 15, 1893, c. 117, 27 Stat. 455, prohibited shipment in foreign vessels from one part of the United States

---

[1] See c. 2, § 5, Act of July 4, 1789, 1 Stat. 24, 27; c. 31, § 4, Act of March 1, 1817, 3 Stat. 351; c. 201, § 20, Act of July 18, 1866, 14 Stat. 178, 182; c. 213, § 4, Act of March 1, 1873, 17 Stat. 482, 483; cf. Treaty with Great Britain of May 8, 1871, 17 Stat., Treaties, 67, repealed March 3, 1883, 22 Stat. 641; c. 117, Act of February 15, 1893, 27 Stat. 455; c. 26, Act of February 17, 1898, 30 Stat. 248.

to another via a foreign port, and the Act of February 17, 1898, c. 26, 30 Stat. 248, forbade such shipments " either directly or via a foreign port, or for any part of the voyage." As these restrictions were thought not to include transportation that was partly by water and partly by land, see 30 Op. Atty. Gen. 3, the statute was amended by the addition in § 27 of the Merchant Marine Act of the words " or by land and water." The bill for the amendment as originally introduced did not contain the proviso, which was later added in the conference committee. See Conference Report, H. R. No. 1093, 66th Cong., 2d Sess., p. 12. The proviso has no other recorded legislative history, but its evident purpose was to avoid disturbance of established routes, recognized by the Interstate Commerce Commission as in the public interest, between the northwestern and eastern states through the lake ports. In these routes foreign-owned water carriers participated as well as Canadian and American rail lines. See Application of Grand Trunk Ry. Co. of Canada, 43 I. C. C. 286; Rail-Lake-and-Rail Rates via Canada, 96 I. C. C. 633. The proviso obviously would enable American carriers, participating in such through routes, to retain the benefits of the traffic which in some instances might otherwise be diverted to all water transportation by foreign owned vessels between points in Canada and the United States.

An interpretation of the proviso which would enable foreign-owned vessels to carry merchandise in coastwise traffic, over routes wholly within the United States, by the expedient of filing tariffs showing participation in through routes extending over Canadian railways, would go beyond its purpose and in large measure defeat the prohibition of § 27. Both the words of the statute and the unmistakable policy of Congress compel the conclusion that the merchandise respondent has seized and threatens to seize is not within the immunity of the proviso.

2. The argument that § 27 of the Merchant Marine Act does not apply, because petitioner is under the paramount jurisdiction of the Interstate Commerce Commission, is based on the provisions of the Interstate Commerce Act, which provide (§ 1, Par. (1) (a), 41 Stat. 474) that the Act shall apply " to the transportation of passengers or property . . . partly by railroad and partly by water when both are used under a common control, management, or arrangement for a continuous carriage or shipment," and which authorize (§ 6 (13) (b), 37 Stat. 568) the Commission to establish through routes and maximum joint rates over such rail and water lines and to determine the " terms and conditions under which such lines shall be operated in the handling of the traffic embraced." But these and other sections of the Interstate Commerce Act, c. 104, 27 Stat. 379, defining generally the Commission's authority, which by § 1, Par. (1) (a), is extended over such water carriers, are not concerned with the subject matter of § 27 and do not conflict with it. The application of its prohibition in terms to any part of the transportation " by land and water," by a foreign-owned vessel, is not to be erased from the statute because the Interstate Commerce Commission was not given authority to enforce it. It is not to be supposed that Congress, by giving jurisdiction to the Interstate Commerce Commission to establish through routes and maximum joint rates for rail and water lines, intended to remove from them an unrelated prohibition enacted March 1, 1817, 3 Stat. 351, repeatedly reënacted, and specifically made applicable in § 27 of the Merchant Marine Act to the transportation of merchandise by foreign vessels in coastwise traffic " by water or by land and water." We know of no principle of statutory construction which would admit of such a result.

3. Petitioner, in challenging the constitutionality of the statute, does not deny the power of Congress to exclude

from coastwise traffic vessels which are foreign-owned or controlled, regardless of the corporate form which that control may take. But it points to the loss of its business which will ensue if § 27 is applied to it, and to the fact that it established its business with the same corporate relationships which were only later defined so as to bring them within the prohibition reënacted in § 27. § 38 of the Merchant Marine Act, amending § 2 of the Shipping Act of 1916, c. 451, 39 Stat. 728, 729, and made applicable to the Merchant Marine Act by § 37 of the latter Act. It insists that the prohibition of § 27, to which it was subjected by the amendment, deprives it of property without due process of law, in violation of the Fifth Amendment.

This contention is answered by the numerous cases in which this Court has upheld regulations of interstate commerce which have compelled the rail carriers to discontinue parts of their business which had previously been lawful. *New York, N. H. & H. R. Co.* v. *Interstate Commerce Comm'n,* 200 U. S. 361; *United States* v. *Delaware & Hudson Co.,* 213 U. S. 366, 415, 416; *Delaware, L. & W. R. Co.* v. *United States,* 231 U. S. 363, 369, 370; *Assigned Car Cases,* 274 U. S. 564, 575. There has been no taking of petitioner's property. It established its business under foreign domination, subject to the power of Congress to regulate it, and in the face of a long established national policy to restrict such foreign control of coastwise shipping. The amendment of the statute, so as to include within its prohibition the particular form of foreign control to which petitioner was subject, was no more arbitrary, burdensome or unreasonable than that involved in the statutes prohibiting transportation by a railroad of its own commodities. See *United States* v. *Delaware & Hudson Co., supra,* 415; *Delaware, L. & W. R. Co.* v. *United States, supra,* 369, 370.

*Affirmed.*