**RANKIN**

v.

**ATLANTIC MARITIME CO. et al.**

**THE ATLANTIC AIR.**

United States District Court
S. D. New York.

Dec. 8, 1953.

Silas B. Axtell, New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendants.

SUGARMAN, District Judge.

Lindville Taylor, a citizen of Panama, signed articles as a seaman on August 7, 1947 at Norfolk, Virginia, for service on The Atlantic Air, a merchant vessel registered under the laws of Panama and owned by defendant, a Panamanian corporation.

In the amended complaint filed by his administrator after Taylor's death, it is alleged that Taylor, in March, 1948, became sick through defendant's failure to furnish him with a safe place to work and a safe and seaworthy vessel. This illness resulted in Taylor's death. For the injury and death, damages are sought in a first cause of action. Jurisdiction is allegedly predicated upon the Jones Act[1] and the "general maritime law" of the United States.

In a second cause of action, plaintiff claims damages for permanent injuries and death resulting from defendant's alleged negligent failure to treat Taylor after his illness was made known to it.

For a third cause of action, plaintiff claims maintenance and cure.

By notice of motion dated May 27, 1949, defendant had heretofore moved this court for an order declining to ac-

---

1.  46 U.S.C.A. § 688.

cept jurisdiction of the action originally brought by Taylor. Judge Hulbert granted that motion in an unreported opinion dated June 7, 1949 wherein he declined in his discretion [2] to accept jurisdiction of the action under general maritime law.

He also held that the Jones Act does not afford protection to "a seaman of foreign residence and nationality suing a non-American ship owner for an alleged tort committed on a non-American ship on the high seas", and an order was entered granting defendant's motion on July 14, 1949.

On appeal from the judgment dismissing Taylor's complaint the Court of Appeals (after Taylor's death and the substitution of the present plaintiff) affirmed the dismissal of the claim under the maritime law.[3] However, insofar as the claim was within the purview of the Jones Act, the Court of Appeals reversed the judgment of dismissal because the terms of the Jones Act were imposed "upon all owners who sign on crews in an American port." [4]

The claim under the Jones Act was remanded to the District Court and an amended complaint was filed.

While awaiting trial the Supreme Court on May 25, 1953 decided Lauritzen v. Larsen,[5] whereupon defendant sought and obtained an order in the Court of Appeals granting leave to this court to entertain "a certain motion in this cause". Defendant now moves to dismiss the Jones Act suit upon the ground that the Larsen decision requires a holding that the Jones Act is now inapplicable to the instant facts: i. e. an action *in personam* by a non-resident alien seaman who is injured on the high seas on a foreign flag vessel of alien ownership, which he joined in a United States port.

■ The choice of law to govern a maritime tort claim is influenced by factors whose relative weight in each case is to be appraised by the court making the choice.[6]

Applying the test laid down in the Larsen case to the facts of the instant case, it appears that there is an overwhelming preponderance in favor of choosing Panama law.

■ The alleged wrongful acts took place on the high seas; The Atlantic Air flew the flag of Panama; the plaintiff is a citizen and domiciliary of Panama; the defendant is a corporation organized under the laws of Panama; the plaintiff was offered and refused transportation to Panama, which, if accepted, would have afforded him an opportunity to seek whatever relief, even if less advantageous, was there available to him. These factors outweigh the incident that the seaman signed articles in the United States, which the Larsen decision brands as not a substantial influence in the choice between competing laws governing a maritime tort, and that jurisdiction over the parties has been perfected by an American forum where the defendant does a regular business.

■ Plaintiff urges that the doctrine of *res judicata* precludes decision of the instant motion. The 'law of the case' obstacle, which would otherwise have precluded a decision of this motion, was removed by the order of the Court of Appeals granting permission to this court to entertain it. I take such order to mean that the Court of Appeals intended that the motion be decided on the merits with the guidance of the Larsen decision. Otherwise, the appellate court's entertainment of that motion would have been a futile gesture.

Although plaintiff's counsel expresses "disappointment at not being permitted to participate in the argument of the"

2. See Canada Malting Co. v. Paterson Co., 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837.

3. Taylor v. Atlantic Maritime Co., 2 Cir., 179 F.2d 597, 598.

4. Taylor v. Atlantic Maritime Co., Note 3, supra, 179 F.2d at page 600.

5. 345 U.S. 571, 73 S.Ct. 921.

6. See Zielinski v. Empresa Hondurena de Vapores, S.D.N.Y., 113 F.Supp. 93.

Larsen case, his brief, with others, *amicus curiae* was received, 345 U.S. 571, 572, 73 S.Ct. 921, and the arguments which he now advances were apparently before the Supreme Court then. In fact, one of them, urging the economic advantages to American shipping in holding the Jones Act applicable, was characterized as a "candid and brash" substitute for a "legal argument", 345 U.S. 571, 593, 73 S.Ct. 921. It can be viewed in no different perspective here.

Accordingly, I am constrained to hold that the plaintiff's remaining claim under the Jones Act must be dismissed.

Settle order.