Bronislaw KOZIOL, Libellant-Appellant,

v.

THE FYLGIA and Stockholms Rederi A. B. Svea, of Stockholm, Sweden, Respondent-Appellee.

No. 260, Docket 23571.

United States Court of Appeals
Second Circuit.

Argued Feb. 15, 1956.

Decided March 7, 1956.

Silas Blake Axtell, New York City, for libellant-appellant.

David P. H. Watson, New York City (Haight, Gardner, Poor & Havens and James M. Estabrook, New York City, on the brief), for respondent-appellee.

Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.

PER CURIAM.

Libellant, a Polish merchant seaman, signed shipping articles in Argentina on November 7, 1950, to serve as a messman aboard the respondent S.S. Fylgia, a Swedish vessel, and was injured while at sea on November 19, 1950, in descending a stairway on the ship. He has brought to the court below a total of one civil action and three libels, in all of which Judge Clancy has successively refused to take jurisdiction. Originally he made claim under the Jones Act, 46 U.S.C.A. § 688, but appears at present to have given that up, since it is now clear that that Act is not applicable. Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254. Later libels have been based on the general maritime law. It is settled law, however, that the district court had discretion to refuse jurisdiction of this suit in admiralty between foreign nationals; and this discretion will not be reviewed except for abuse. Canada Malting Co. v. Paterson Steamships, 285 U.S. 413, 418, 52 S.Ct.

413, 76 L.Ed. 837; United States Merchants' & Shippers' Ins. Co. v. A/S Den Norske Afrika og Australie Line, 2 Cir., 65 F.2d 392. Attempts of libellant to show some compulsion to accept such claims based on various enactments favoring seamen, such as that allowing seamen to sue without prepaying fees or costs or furnishing security, see 28 U.S.C. § 1916, revising the former § 837, are wholly unconvincing. And there is no ground for holding the trial judge in error in his conclusion that, since the Swedish law so directly controls, the libellant's rights would be adequately, if not better, adjudicated in Swedish tribunals.

■■ Judge Clancy ruled in the last libel, the one now before us, that his previous decisions were *res judicata*, and directed dismissal of the libel "with prejudice." It is true that libellant here purported to set up a new and additional "cause of action," but that alleged merely certain steps of his to pursue a Swedish remedy and his dissatisfaction with the results denying him recovery on the merits. This added no new claim, but was still based upon the original claim of the injury on shipboard at sea. We think the previous suits could properly be taken as settling the question of further litigation in the court below. Ripperger v. A. C. Allyn & Co., 2 Cir., 113 F.2d 332, certiorari denied 311 U.S. 695, 61 S.Ct. 136, 85 L.Ed. 450; City of Buffalo v. Plainfield Hotel Corp., 2 Cir., 177 F.2d 425, 427, certiorari denied Plainfield Hotel Corp. v. City of Buffalo, 339 U.S. 942, 70 S.Ct. 795, 94 L.Ed. 1358. But the decree should be clear, just as Judge Clancy intended, that pursuit of remedies in Sweden was not at all precluded. From the standpoint of greater assurance it thus seems desirable that there should be added to the words "with prejudice" in the decree below the following: "as to further actions in this court." With this addition and modification the decree below will be affirmed. No costs will be taxed on this appeal.

Modified and affirmed.