**Erich V. BERENDSON, Libellant,**

v.

**REDERIAKTIEBOLAGET VOLO,**
**Respondent.**

United States District Court
S. D. New York.

Oct. 22, 1956.

Haight, Gardner, Poor & Havens, New York City, for respondent.

RYAN, District Judge.

Libelant, an Estonian citizen, living between voyages in New York at a seaman's club, signed on in Houston aboard a Swedish vessel. He alleges he sustained injuries aboard while outside the territorial waters of the United States, and seeks to recover under the Jones Act, 46 U.S.C.A. § 688, and the General Maritime Law of the United States. Respondent has appeared and concedes the jurisdiction of this Court but asks it to decline retention of jurisdiction and to relegate libelant to his remedy under Swedish law.

It is clear that the law of the flag of the ship—that is Swedish law—would apply in determining the rights of the parties as the respondent is Swedish by nationality and domicile and libelant an Estonian citizen; consequently, the Jones Act is not applicable. Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254; Koziol v. The Fylgia, 2 Cir., 1956, 230 F.2d 651.

Upon signing the ship's articles libelant subjected himself to the Swedish

Merchant Seamen Law pursuant to which a Maritime Declaration was held on board the vessel shortly after the alleged occurrence by the Swedish Consul in Boston, at which time a hearing was held of all persons who could give information and a report of the accident submitted by the Master; in accordance also with Swedish law a transcript of this hearing with exhibits was forwarded to the Swedish Board of Trade for appropriate action. Under the Accident Insurance Act of 1916 of Sweden, the shipowner is required to take out compensation insurance for the protection of seamen injured in the service of the ship. It does not appear that the libelant has made application for such compensation during all this time; although it does appear that any Swedish consul may entertain such application, hold a hearing and arrange for payment to the seaman of such amount as he may be found entitled to receive.

There is no reason for this court's retaining jurisdiction since the extent of libelant's recovery is determined and fixed by Swedish law which can adequately if not better be applied by the Swedish consul, Koziol v. The Fylgia, supra, and since there is a convenient forum available to libelant capable of fairly adjudicating his rights. The situation is completely different from that in The Fletero v. Arias, 4 Cir., 206 F.2d 267, relied upon by libelant; there, the accident took place in an American port and all the proofs connected with it were found there; had the Court declined to retain jurisdiction libelant would have been left in effect remediless as he would have had to travel to Argentina, where there were no proofs of the accident, and attempt there to recover against a ship owned by the Argentinian government. The inaccessibility of the forum alone was sufficient hardship to warrant retention of jurisdiction. Lauritzen v. Larsen, supra.

Motion granted; settle order.