UNITED STATES of America

v.

Alba CANALE and Irving Shanhart, individually and trading as Alba Warehouse Company; and Samuel Canale and Ida Torbach, also known as Ida S. Aukberg, and Philadelphia Gas Works, Division of the United Gas Improvement Company.

Civ. A. No. 19142.

United States District Court
E. D. Pennsylvania.

July 9, 1958.

Harold K. Wood, U. S. Atty., Henry J. Morgan, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Daniel Sherman, Philadelphia, Pa., for defendants Alba Canale and Irving Shanhart individually and trading as Alba Warehouse Co.

Daniel Sherman, Philadelphia, Pa., for defendants Samuel Canale and Ida Torbach, also known as Ida S. Aukberg.

Richard P. Brown, Jr., Arthur R. Littleton, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant Philadelphia Gas Works, Division of United Gas Improvement Co.

EGAN, District Judge.

This case is before the Court on various motions subsequent to a trial of the cause and a jury determination thereof.

The Government brought this action against the defendants, Canale et al. (hereinafter referred to as the individual defendants) and defendant, Philadelphia Gas Works, Division of the United Gas Improvement Company (hereinafter referred to as the Gas Company), for the loss of large quantities of rubber and tannin which were damaged as a result of a building collapse and fire, occurring in a warehouse wherein the Government-owned materials were stored.

Plaintiff's theory was based upon the dual negligence of first, the individual defendants, in that they permitted the building to become overloaded bringing about its collapse, and secondly, the negligence of the Gas Company in permitting a 4 inch service [1] pipe to remain *inside* the building after the discontinuance of the service and in addition, failing to cut off such service at the street main *after* the fire was already in progress.

The individual defendants contended that the building collapsed not as a result of overloading but as a result of the explosion of gas escaping from the service line and that both the explosion and later fire resulted solely from the negligence of the Gas Company.

Gas Company contended that the building collapsed due to overloading; that there was no gas explosion; that the presence of gas in the service line at the time of the collapse was not negligence; that the presence of gas in the service line after the fire started was not negligence; that no gas escaped from the service line until four days after the fire and building collapse when the debris was being removed; that the fire was therefore not caused or contributed to by any escaping gas from the service line; that the destruction of plaintiff's goods was solely due to the negligence of the individual defendants.

The case was submitted to a jury which returned a verdict in favor of the plaintiff in the agreed amount of $344,000 against the individual defendants and exonerating the Gas Company. Said verdict was recorded by the Court.

Thereafter the following motions were filed:

1. Gas Company's motion for entry of judgment notwithstanding the verdict.

2. Individual defendants' motion for entry of judgment notwithstanding the verdict.

3. Individual defendants' motion for a new trial.

4. Plaintiff's motion for a new trial against the Gas Company only.

At the conclusion of both the plaintiff's case and that of the individual defendants, Gas Company moved for a dismissal of plaintiff's complaint on the grounds that there was no evidence to establish that Gas Company was negligent, or that its negligence contributed to plaintiff's loss. This motion was denied. Again, at the conclusion of all the testimony, the Gas Company moved for a directed ver-

[1.] Two service lines were referred to in the testimony, one a 4 inch line leading into the building in question and the other a 1¼ inch line leading into an adjoining building. It is the former with which we are principally concerned unless otherwise noted. A reference to the "service line" or "service pipe" shall therefore mean the 4 inch line.

dict based upon the same grounds. This motion was likewise denied.

■ Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., Gas Company now moves this Court to enter judgment notwithstanding the verdict in accordance with its motion for directed verdict. This motion will be denied as it is the opinion of this Court that the plaintiff's evidence established a jury question with respect to the liability of the Gas Company.

In that plaintiff had two theories on which it based its cause of action against Gas Company, each will be considered separately in discussing the above motion. Gas Company's liability is initially predicated upon its failure to cut off the gas service at the curb line upon being notified that the possessors of the building were discontinuing the use of gas on the premises. To hold that this failure was an act of negligence, it was incumbent upon the Government to prove that such inaction was a violation of company policy or was negligence at common law.

A Mr. Townsend, who at one time was employed by the Gas Company and who was in charge of such matters in that service area, testified that the proper method was to cut off the gas at the curb line. And although this testimony was partially contradicted by Gas Company's witness, Mr. Robbins, the conflict of testimony was for the jury. Regardless of company policy, the jury could have held the Gas Company liable if they determined that it was unreasonable to leave the gas within the service line entering the building and that this proximately caused or contributed to what resulted. See, Lommer v. Scranton Spring-Brook Water Service Co., D.C.M.D.Pa.1946, 66 F.Supp. 878; Goodman & Theise, Inc., v. Scranton Spring-Brook Water Service Co., 1945, 352 Pa. 488, 43 A.2d 111. There was evidence that the possessors requested the Gas Company to shut off the gas and that the company "capped" the service *inside* the building, although it would have been relatively easy to cut it off at the curb line. Eyewitnesses testified that they saw flames "like from a gas jet" or "pilot light" in the general area of the 4 inch service, all of which could lead to the inference that the service line was feeding a fire then in existence, or even could have caused the fire initially. Bearing in mind that four days after the fire the service pipe was found broken, combined with the factors referred to above, the question of Gas Company's liability was properly one for the determination by the jury. This alone would be enough to deny Gas Company's motion.

Gas Company could have also been held negligent on the theory that it failed to cut off the 4 inch service *after* the commencement of the fire. There was testimony that the Gas Company was aware that gas was escaping from the $1\frac{1}{4}$ inch service line on the broken wall of the adjoining building and that the Company cut off that service by a "greasing" process. This fact, coupled with the testimony of the eyewitnesses, as well as the evidence concerning the broken pipe, would be sufficient to send the case to the jury. For these reasons, the motion for judgment notwithstanding the verdict is denied.

As far as the motion of the individual defendants for judgment notwithstanding the verdict is concerned, there was an overwhelming amount of evidence which would necessitate the case against them going to the jury. Their motion for judgment notwithstanding the verdict is, therefore, denied.

■ This Court is also moved to grant a new trial on the basis that the jury failed to reach a unanimous verdict. On this account, we will let the record speak for itself. (N.T. p. 1726):

"The Clerk: Will the jury please rise? Members of the jury, have you agreed upon your verdict?

"Jurors: We have, Your Honor.

"The Clerk: How do you say? Do you find in favor of the United States, the plaintiff, in this action?

"Juror No. 1: Yes.

"The Clerk: Do you find against the defendants, Alba Canale and Irving

Shanhart, individually and trading as Alba Warehouse Company?

"Juror No. 1:  We do.

"The Clerk:  Do you find against the defendants, Samuel Canale and Ida Torbach, also known as Ida S. Aukberg?

"Juror No. 1:  We do.

"The Clerk:  Do you find against the defendant, Philadelphia Gas Works Division of the United Gas Improvement Company?

"Juror No. 1:  No.

"The Clerk:  You do not?

"Jurors:  No.

"The Clerk:  What is that?  Your answer is that you do not find against the defendant, Philadelphia Gas Works Division; is that correct?

"Juror No. 1:  That's right.

"The Clerk:  In what amount do you assess the damages as against the defendants, Alba Canale, Irving Shanhart, individually and trading as Alba Warehouse Company?

"Juror No. 1:  Well, I only have it one way here, if I may read it that way.

"The Court:  Against all four?

"Juror No. 3:  Yes.

"The Court:  Read all four names.

"Juror No. 1:  Is that all right?

"The Clerk:  Yes, sir.

"Juror No. 1:  We have arrived at a decision in favor of the plaintiff, finding the owners and operators of the Alba Warehouse solely responsible for all damages.

"The Court:  Now, read the names of all four individual defendants so that there will be no mistake about it.

"The Clerk:  As I understand it, you find in favor of the plaintiff, United States of America, and against the defendants, Alba Canale and Irving Shanhart, individually and trading as Alba Warehouse Company, and Samuel Canale and Ida Torbach, also known as Ida S. Aukberg?

"Juror No. 1:  That's right.

"The Court:  In what amount?

"The Clerk:  In what amount do you assess the damages?

"Juror No. 1:  At the amount we decided, I believe, before we left here.

"The Court:  Can't you state the specific amount?  (No response.)

"The Court:  For the full amount?

"Juror No. 7:  Yes.

"The Court:  $344,000?

"Juror No. 1:  $344,000.

"The Court:  $344,000?

"Juror No. 1:  That's right.

"Mr. Sherman:  I wish to show of record that the foreman did not know the amount of the verdict until it was suggested here.

"The Court:  That is not an accurate statement.  He did know the amount.  He faltered on stating it, but he finally stated it was $344,000, the full amount that was asked here.

"Do you want to poll this jury?

"Mr. Sherman:  Yes, Your Honor.

"The Court:  You may proceed to poll them.

"The Clerk:  You want the jury polled, Mr. Sherman?

"Mr. Sherman:  You go ahead.

"The Clerk:  I say, do you want it polled, sir?

"Mr. Sherman:  Yes.

"The Clerk:  Will all of the jurors except Juror No. 1 be seated, please.

"Juror No. 1, have you agreed on your verdict?

"Juror No. 1:  I have.

"The Clerk:  Do you find in favor of the plaintiff, the United States of America?

"Juror No. 1:  I do.

"The Clerk:  You find against the defendants, Alba Canale and Irving Shanhart, individually and trading as Alba Warehouse Company, Samuel Canale, Ida Torbach, also known as Ida S. Aukberg?

"Juror No. 1:  I do.

"The Clerk:  Do you find against the defendant, Philadelphia Gas Works Divi-

sion of United Gas Improvement Company?

"Juror No. 1: I do.

"Juror No. 3: No.

"Juror No. 1: Is that right?

"Jurors: No.

"Mr. Sherman: I wish the record to show his answer.

"Juror No. 1: I didn't hear you.

"The Court: He is hard of hearing.

"Will you repeat what your answer was?

"Juror No. 3: He said he didn't hear the question.

"The Court: Step down, and let's get this over with, and get it done correctly. I don't want to try this case all over again.

"Juror No. 7: He is nervous.

"The Clerk: Juror No. 1, do you find in favor of the United States of America?

"Juror No. 1: That's right.

"The Clerk: Do you say you find in favor of or against the defendants, Alba Canale and Irving Shanhart, individually and trading as Alba Warehouse Company, Samuel Canale and Ida Torbach, also known as Ida S. Aukberg?

"Juror No. 1: Against.

"The Clerk: Against them?

"Do you say you find in favor of or against the Philadelphia Gas Works Division of the United Gas Improvement Company?

"Juror No. 1: Well, that is—now, that's right—no.

"The Clerk: You say no?

"Juror No. 1: No.

"The Clerk: You mean you find in favor of them or against them?

"Juror No. 1: Against them—no—

"Mr. Sherman: I wish the record to show that, Your Honor.

"The Court: The record will show what the gentleman is saying, if you will please keep quiet. If you will sit down and keep quiet, we will get this attended to.

"In what amount? Ask him in what amount he finds against the four individual defendants.

"The Clerk: Yes, sir.

"The Court: Against the four individual defendants that were named first.

"The Clerk: In what amounts do you find against the defendants, Alba Canale and Irving Shanhart, individually and trading as Alba Warehouse Company, Samuel Canale, Ida Torbach, also known as Ida S. Aukberg?

"Juror No. 1: $340,000.

"Juror No. 3: 44.

"Juror No. 1: $344,000.

"The Court: Now, as to the defendant, Philadelphia Gas Works Division of the United Gas Improvement Company, how do you find?

"Juror No. 1: *We didn't take a vote on that.*

"Juror No. 6: Yes, we did. Sure, we did.

"Juror No. 3: Nothing against them, not guilty.

"Juror No. 1: Yes, not guilty.

"The Court: In other words, you find a verdict in favor of the company?

"Juror No. 1: In favor of them, yes, sir.

"The Court: Now, poll Juror No. 2.

"You may sit down, sir." (Emphasis supplied.)

At this point, the remaining jurors were polled and it was evident that at least the other eleven members were in favor of exonerating the Gas Company. However, we are of the opinion that Juror No. 1 had not assented to the verdict as agreed upon by the others. And in view of his statement, "We didn't take a vote on that," the Court should have retired the jury for further deliberation. Harrison v. Paramount Pictures, Inc., D.C.E.D. Pa.1953, 115 F.Supp. 312, 315.

Because of the apparent lack of unanimity in the verdict, a new trial would only be proper. This being so, we find no need to pass on the Government's mo-

**450**

tion for a new trial as against the Gas Company.

### Order

And Now, July 9, 1958, it is ordered and decreed as follows:

1. The motion of defendant, Philadelphia Gas Works, Division of the United Gas Improvement Company, for entry of judgment notwithstanding the verdict is denied.

2. The motion of the individual defendants, Alba Canale and Irving Shanhart, individually and trading as Alba Warehouse Company, and Samuel Canale and Ida Torbach, also known as Ida S. Aukberg, for entry of judgment notwithstanding the verdict is denied.

3. The motion of the individual defendants, Alba Canale and Irving Shanhart, individually and trading as Alba Warehouse Company, and Samuel Canale and Ida Torbach, also known as Ida S. Aukberg, for new trial is granted.

