Erich W. BERENDSON, Libelant-
Appellant,

v.

REDERIAKTIEBOLAGET VOLO,
Respondent-Appellee.

No. 308, Docket 24586.

United States Court of Appeals
Second Circuit.

Argued April 7, 1958.

Decided July 11, 1958.

Shafter & Shafter, New York City, for appellant. Jacob Rassner and Harvey Goldstein, New York City, of counsel. Harvey Goldstein, New York City, on the Brief.

Haight, Gardner, Poor & Havens, New York City, for appellee. David P. H. Watson and James M. Estabrook, New York City, of counsel.

Before SWAN, HINCKS and MOORE, Circuit Judges.

SWAN, Circuit Judge.

This litigation originated in a libel brought by a seaman employed on respondent's vessel to recover under the Jones Act, 46 U.S.C.A. § 688, and the general maritime law for alleged injuries sustained by him when he fell through an open hatch. Libelant is an Estonian citizen who signed on at Houston, Texas, for a voyage to terminate in the United States. The respondent is a Swedish corporation, and its vessel sailed under the Swedish flag. The accident happened on March 27, 1953 outside the territorial waters of the United States.

After entering its appearance, the respondent moved the court to decline to retain jurisdiction. The motion was heard upon supporting and opposing affidavits. It was granted in a decision in which Judge Ryan held the Jones Act not applicable and stated with respect to the claim under the general maritime law:

> "There is no reason for this court's retaining jurisdiction since the extent of the libelant's recovery is determined and fixed by Swedish law which can adequately if not better be applied by the Swedish consul, Koziol v. The Fylgia, supra, and since there is a convenient forum available to libelant capable of fairly adjudicating his rights." 149 F.Supp. 140, 141.

The decree, entered November 7, 1956, dismissed the libel with prejudice as to further actions in the district court for the southern district of New York.[1]

█ The appellant makes two contentions: (1) that the district court abused its discretion by failure to retain jurisdiction under the general maritime law; and (2) that the court erred in holding the Jones Act inapplicable. These contentions will be considered in inverse order.

In holding the Jones Act inapplicable Judge Ryan cited as authoritative Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 and Koziol v. The Fylgia, 2 Cir., 230 F.2d 651, certiorari denied 352 U.S. 827, 77 S.Ct. 40, 1 L.Ed. 2d 49. We agree that these decisions are conclusive on this issue. Appellant's attempt to distinguish them by reliance on earlier cases in this court which stressed the importance of the place of signing shipping articles is unsound. Although our earlier decisions were not expressly overruled by Lauritzen, the opinion in that case makes clear that the Supreme Court considers of relatively little weight the place where the seaman signs on. See Rankin v. Atlantic Maritime Co., D.C.S.D.N.Y., 117 F.Supp. 253. Also unsound is the argument that Lauritzen is distinguishable because libelant had a "sufficient national interest" to bring him "within the broad purview of the statutory law of the United States" by reason of the fact that between voyages he lived at a seaman's club in New York City. His presence here was never more than transitory; he never entered the United States except as a seaman and could not legally remain ashore more than 29 days between voyages. As said in the Lauritzen opinion with respect to Larsen, 345 U.S. at page 587, 73 S.Ct. at page 930: "His presence in New York was transitory and created no such national interest in, or duty toward, him as to justify intervention of the law of one state on the shipboard of another."

█ The appellant's contention that Judge Ryan abused discretion in failing to retain jurisdiction of the suit is not supportable. His memorandum opinion shows that he rightly inferred that the remedy provided by Swedish law for seamen injured aboard a Swedish ship could be administered by the Swedish Consul in New York. The affidavit of the Swedish Consul General states that "an injured seaman has a full and complete right to compensation from the insurance fund * * *" and that "his application therefor may be entertained by any consul or vice consul of Sweden * * * and arrangements there made for the payment of such amount as the seaman may be entitled to under the laws of the Kingdom of Sweden." Thus it is immaterial that Berendson could not, as he asserts, enter Sweden to prosecute a civil action there because he lacks a valid passport from Estonia and cannot obtain one. The Flatero v. Arias, 4 Cir., 206 F.2d 267 is plainly distinguishable.[2] We see no basis whatever

---

1. Timely notice of appeal was filed on December 13, 1956. Why the appeal has taken 15 months to be reached for argument does not appear.

2. See Judge Parker's discussion at page 270.

for holding that the district court abused discretion in declining to retain jurisdiction.

Judgment affirmed.