## UNITED STATES of America

### v.

**Alba CANALE and Irving Shanhart, individually and trading as Alba Warehouse Company, and Samuel Canale and Ida Torbach, also known as Ida S. Aukberg, and Philadelphia Gas Works, Division of the United Gas Improvement Company.**

### Civ. A. No. 19142.

United States District Court
E. D. Pennsylvania.

Sept. 17, 1959.

---

———◆———

Joseph L. McGlynn, Jr., U. S. Atty., Richard Reifsnyder, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Daniel Sherman, Philadelphia, Pa., for defendants Alba Canale and Irving Shanhart, individually and trading as Alba Warehouse Co.; Samuel Canale and Ida Torbach, also known as Ida S. Aukberg.

Richard P. Brown, Jr., Arthur Littleton, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant Philadelphia Gas Works, Division of United Gas Improvement Co.

EGAN, District Judge.

The Philadelphia Gas Works, Division of The United Gas Improvement Company, one of the defendants herein, has petitioned this Court for a modification of an Order which will permit it to appeal directly to the Court of Appeals.

Following a trial held by. this Court from October 21, 1957, to November 1, 1957, there was allegedly a verdict in favor of the defendant, Gas Works, and against the remaining defendants. However, since there was no unanimity of verdict, a new trial was granted and the Gas Works' motions for directed verdict and for judgment N.O.V. were denied. United States v. Canale, D.C.E.D.Pa. 1958, 163 F.Supp. 445.

The basis of this petition is the Act of September 2, 1958, Public Law 85–919, 28 U.S.C.A. § 1292(b), which is more commonly referred to as the Interlocutory Appeals Act. Since the order granting a new trial is interlocutory, the defendant, Gas Works, seeks to have that order modified to enable it to appeal. It alleges that the issue of granting or refusing judgment N.O.V. in this case involves a controlling question of law and that this is the type of situation that the Act was meant to encompass.

In Milbert v. Bison Laboratories, Inc., 3 Cir., 1958, 260 F.2d 431, Judge Maris stated:

> "It is quite apparent from the legislative history of the Act of September 2, 1958 that Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation. Both the district judge and the court of appeals are to exercise independent judgment in each case and are not to act routinely." at page 433.

See also Bobolakis v. Compania Panamena Maritima San Gerassimo, D.C.S.D. N.Y.1958, 168 F.Supp. 236.

This is an ordinary negligence action [1] and although it took ten days to try, the Court is of the opinion that this is not the exceptional case to which the Act should be applied.

### Order

And now, this 17th day of September, 1959, it is hereby ordered that the petition to modify the Order granting a new trial is denied.

1. The factual background is set forth in a previous Opinion, United States v. Canale, 163 F.Supp. 445.