**Anestis KATELOUZOS, Libellant,**

**v.**

**THE S.S. OTHEM, her engines, boats, tackles, etc., in rem, and Rederi A/B Volo and A/B Aug. Leffler & Son, a foreign corporation or associations, as owners, operators and agents of said vessel, and Dichmann, Wright & Pugh, Inc., individually and as agents of S.S. Othem, and owners, in personam, Respondents.**

**No. 7971.**

United States District Court
E. D. Virginia,
Norfolk Division.

Sept. 29, 1959.

Sidney H. Kelsey, Norfolk, Va., for libellant.

Seawell, McCoy, Winston & Dalton, John W. Winston, Norfolk, Va., for respondents.

WALTER E. HOFFMAN, District Judge.

We are again met with the frequently litigated question as to exercising discretion to accept jurisdiction of an alien's claim for personal injuries and alleged violations of wage statutes, 46 U.S.C.A. §§ 596, 597, involving a foreign flag vessel.

Libellant was injured on June 25, 1958, while the vessel was in the Port of Hampton Roads. The S. S. Othem is a Swedish vessel and it is clear that libellant has a remedy under the laws of Sweden for his claim for personal injuries. The libel was filed on July 3, 1958, and the balance of wages was paid by respondents' proctors on July 14, 1958, although the master had previously paid the wages to the Swedish Consul at Baltimore on June 26, 1958.

Depositions de bene esse have been taken and the case is substantially ready for trial. Medical testimony is available in this locality. Aside from the validity of the wage claim, the case has progressed too far to justify declining jurisdiction. Libellant's rights may well be governed by Swedish law, and the case may be such that will not call for the imposition of the penalties with respect to the payment of wages, but the proceeding does not permit a division of the causes of action and the exercise of jurisdiction solely as to the wage claim. Such a practice should be an exception to the general rule as admiralty is essentially a court of equity, and when equity retains jurisdiction for one purpose, it generally exercises jurisdiction for all purposes. There is, however, authority for such action. Giatilis v. The Darnie, D. C.Md., 171 F.Supp. 751. The tendency in the circuit is to retain jurisdiction for all purposes where there is a bona fide wage claim existing at the time of the filing of the libel. The Fletero v. Arias, 4 Cir., 206 F.2d 267.

There is nothing persuasive in Koziol v. The Fylgia, 2 Cir., 230 F.2d 651, and Berendson v. Rederiaktiebolaget Volo, 2 Cir., 257 F.2d 136, relied upon by respondents, which would lead to a contrary conclusion.