**Peter RODRIGUEZ, Libellant**

v.

**SOLAR SHIPPING, LTD., and Saguenay Terminals, Ltd., and THE SS SUNHENDERSON, her engines, etc., Respondents.**

United States District Court
S. D. New York.
Aug. 13, 1958.

---

Isaac Salem, New York City, for libellant.

Kirlin, Campbell & Keating, New York City, for respondents.

CASHIN, District Judge.

Libellant, an alien seaman, was injured on the high seas aboard a vessel flying the Liberian flag. Said vessel was owned by respondent, Solar Shipping, Ltd., a Liberian corporation. Libellant brought this libel against Solar Shipping, Ltd. and against Saguenay Terminals, Ltd., the charterer of the vessel, alleging a claim based on both the general maritime law and the Jones Act (46 U.S.C.A. § 688). Respondent Solar Shipping, Ltd. now moves to dismiss that part of the claim which relies on the Jones Act, on the ground that said Act does not apply to a suit between an alien seaman and an alien corporation, and also moves to dismiss the entire libel on the ground that its vessel was under a bareboat or demise charter at the time of the injury, and thus respondent Solar Shipping, Ltd., is not legally liable.

In determining whether or not the Jones Act is applicable to a particular maritime tort, some contact with the United States sufficient to justify an assertion of jurisdiction as being in the national interest is required. Lauritzen v. Larsen, 345 U.S. 571, 582, 73 S. Ct. 921, 928, 97 L.Ed. 1254. The Supreme Court in the Lauritzen case gave the greatest weight to four factors:—

1. Place of the wrongful act (here, the high seas);

2. Law of the flag (here, Liberian);

3. Allegiance or domicile of the Injured (here, an alien allegiance and domicile); and

4. Allegiance of the defendant shipowner (here, ostensibly Liberian).

Libellant relies only on the fourth factor, namely, the allegiance of the respondent shipowner, alleging that because a majority of the stock of Solar is owned by citizens of the United States or domiciliaries of the State of New York, and because Solar is entirely owned, operated and controlled by citizens of the State of New York, its true allegiance is to the United States.

The Court of this District on at least one occasion has applied the Jones Act where the respondent shipowner was nominally an alien corporation. In Zie-

linski v. Empresa Hondurena de Vapores, D.C.S.D.N.Y.1953, 113 F.Supp. 93, the stock of the respondent alien corporation was completely owned by a United States corporation. Also, the vessel was chartered to the United States corporation, and the seaman was domiciled in the United States. The Court indicated that it was not the stock ownership alone but the fact that "actual control" of the vessel was by United States citizens which permitted an application of the Jones Act.

In two later cases in this District this requirement of stock ownership plus control was made clear. Judge Bicks, in a case similar to the case at bar, granted a motion to dismiss, even though stock ownership by United States citizens was alleged. The Court stated:—

"Assuming the stock ownership by United States citizens as alleged, that is not in itself sufficient warrant to apply the Jones Act". Mproumeriotis v. Seacrest Shipping Co., Inc., D.C.S.D.N.Y.1957, 149 F. Supp. 265, 266.

Earlier, Judge Edelstein made a similar statement on the insufficiency of stock ownership as a basis for applying the Jones Act. Argyros v. Polar Compania de Navegacion, Ltda., D.C.S.D.N.Y.1956, 146 F.Supp. 624.

Libellant here alleges not only majority stock ownership by United States citizens, but also alleges operation and control by citizens of New York. The allegations thus go beyond those in the Mproumeriotis and Argyros cases, supra, and fall within the "control" test in the Zielinski case, supra. The allegations of American ownership and control are subject to proof at trial, of course, and failure to do so would be grounds for dismissal of the Jones Act claim, but at this stage of the action the pleadings allege a good claim, so that part of the motion relating to the Jones Act claim is denied.

The other part of the motion, asking that the entire libel be dismissed on the ground that, by virtue of the chartering of the vessel to another corporation, respondent Solar Shipping, Ltd. is not legally liable to libellant, is also denied. Libellant has challenged the power of this Court to render summary judgment in Admiralty cases. This Court does not find it necessary to decide that issue, for even assuming that summary judgment is permissible in a proper situation, no such relief is justified here. The terms of the charter contract, the intention of the parties, the employer-employee relationship, and the condition of the vessel at the time of the charter all raise triable issues of fact which cannot be settled by such a motion.

The motion to dismiss the libel or any part thereof is denied.

It is so ordered.