**Dimitrios GARIS, Libellant-Appellant,**

v.

**COMPANIA MARITIMA SAN BASILIO,
S. A., Respondent-Appellee.**

**No. 183, Docket 30975.**

United States Court of Appeals
Second Circuit.

Argued Nov. 13, 1967.

Decided Nov. 28, 1967.

**156**

Charles Sovel, Abraham E. Freedman, New York City, for libellant-appellant.

Lawrence J. Mahoney, Dougherty, Ryan, Mahoney & Pellegrino, New York City, for respondent-appellee.

Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.

PER CURIAM:

Libellant-appellant, Dimitrios Garis, employed as a fireman aboard respondent's vessel, the S.S. "Eurytan," was severely burned on September 15, 1965, in an explosion in the engine room of the vessel which was en route from Europe to Australia. He had joined the ship, owned by the defendant Panamanian corporation, at the Port of Rotterdam, Holland, on May 27, 1965, at which time he was required to sign Articles which provided that claims for injuries would be governed by Greek law and the Greek Collective Agreement, and that every claim or dispute arising from an injury would be under the exclusive jurisdiction of the Greek courts. These Articles were opened and renewed in New York City on June 10, 1965.

He commenced this suit in the admiralty, to recover damages for the injuries he suffered, in the United States District Court for the Southern District of New York, and the citation upon defendant to answer was served upon P. D. Marchessini & Co. (New York) Inc., a New York corporation, at its office at 26 Broadway, New York City. On the ground that discretionary jurisdiction should be declined, the owner of the vessel moved for an order dismissing the libel. Affidavits and answers to interrogatories confirmed that the shipowner conducted its principal business in Piraeus, Greece, and that its officers and directors were Greek residents, none of whom lived in the United States. An affidavit of Theo Kallitsas, director of the Mercantile Marine Department of the Greek Consulate General, New York City, presented in support of the motion, confirmed that the vessel is registered under the laws of Greece, flies the Greek flag, that libellant is a resident of Greece, and that the Courts of Greece have jurisdiction over and will accept suits by seamen against Greek flag ships.

Judge McLean further directed that the parties conduct the deposition of an officer of P. D. Marchessini & Co. (New York) Inc. Alexander P. Marchessini,

President of this New York corporation, appeared, represented by his own counsel, testified that he was an American citizen, that his company acted as ships' agents, and that in connection with any work done for Compania Maritima San Basilio, S.A. his company performed as limited agent for P. D. Marchessini & Co., Ltd. (London), the general agent for that company, and that whatever function the New York corporation performed for defendant was at the direction of P. D. Marchessini & Co., Ltd., of London.

In an opinion reported at 261 F.Supp. 917 (1966) Judge McLean, in the exercise of the court's discretion, granted the motion to dismiss; he declined to take jurisdiction without prejudice to the institution of an action by the injured seaman in Greece and upon condition that the respondent submit itself to the jurisdiction of the Greek courts, that it appear in and defend any action instituted by the libellant in Greece, that it post a bond in the amount of $150,000 to guarantee appearance and payment of any judgment obtained there by libellant, and that it not oppose libellant's efforts to obtain and use the records of the San Pedro, California hospital where Garis was treated.

From all the facts adduced by affidavits, interrogatories, and a deposition, the court below appears to have been satisfied that it could have taken jurisdiction; in fact respondent seems to have conceded jurisdiction. Nevertheless, it was proven from these same sources that the shipowner's officers, directors, and stockholders were citizens and residents of Greece, the corporation's principal office was in Greece, the crews are hired in Greece and when the "Eurytan" left Rotterdam her entire complement, with the exception of the radio operator, was Greek. Viewing the situation in the light of the seven factors listed in Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953) Judge McLean also concluded that, if he took jurisdiction and the case were to be tried in the United States, Greek law would nevertheless apply. He recognized that:

"Moreover, most, if not all, of the witnesses to the accident would be Greeks, presumably speaking English imperfectly, if at all. None of the witnesses resides in New York. If respondent's witnesses are still in its employ, it would seem that it could produce them at a trial in Greece as readily as in New York. If they are not, presumably such witnesses, being Greek citizens, would be more easily available in Greece than in New York. Libellant is in Greece. Libellant's present doctors are in Greece." Relying upon the general principle our court set forth in Conte v. Flota Mercente Del Estado, 277 F.2d 664 (2 Cir. 1960), he summarized that: "Taking everything into account, there are not enough relevant 'contacts' with the United States to justify retaining jurisdiction of this controversy between aliens which could more conveniently be tried in Greece."

We agree and affirm the discretionary act by which the taking of jurisdiction was conditionally declined.