**Jose E. GOMEZ, Plaintiff,**

v.

**KARAVIAS U. S. A. INC. et al., Defendants.**

**No. 73 Civ. 1128.**

United States District Court, S. D. New York.

Oct. 2, 1975.

OPINION

GRIESA, District Judge.

This is a seaman's action under the Jones Act, 46 U.S.C. § 688, and the general maritime law. In addition to tort remedies, plaintiff seeks maintenance and cure.

The action was commenced in March 1973. In September 1973 plaintiff voluntarily dismissed the action on the basis of an apparent settlement. On January 9, 1974 I vacated the dismissal and ordered the action reinstated, on the representation of defendants that they had never agreed to the settlement and the request of plaintiff that the dismissal be vacated.

Plaintiff subsequently filed a motion for summary judgment on the claim for maintenance and cure. Defendants have filed a motion to dismiss the complaint on the following grounds:

(a) That the doctrine of *forum non conveniens* applies to the claims against defendant St. Grigorousa Maritime Co. Ltd.;

(b) That defendants Karavias (U.S. A.) Inc. and Karavias (London) Ltd. "are agents for a disclosed principal";

(c) That defendant Karavias (London) Ltd. has never been served.

Plaintiff's motion for summary judgment is denied. Defendants' motions are also denied, except that the action is dismissed as against Karavias (London) Ltd. on the ground that this defendant has not been properly served with process.

I.

Extensive discussion of plaintiff's motion for summary judgment on his maintenance and cure claim is unnecessary. It is sufficient to say that the record before me does not permit a finding that the claim has been established beyond a triable issue of fact.

Thomas M. Breen, New York City, for plaintiff.

John F. X. McKiernan, Hill, Betts & Nash, New York City, for defendants.

II.

Although the motion of defendant St. Grigorousa Maritime Co. Ltd. was origi-

nally cast in terms of *forum non conveniens*, the motion actually has two aspects. With respect to the Jones Act claim, the argument is actually that there is a lack of jurisdiction. It is only with respect to the claims under the general maritime law that the doctrine of *forum non conveniens* in fact applies.

 I will first consider the problem under the Jones Act. The question here is whether there were or were not "substantial contacts between the transaction involved in the case and the United States" within the meaning of the controlling decisions, *Moncado v. Lemuria Shipping Corp.*, 491 F.2d 470, 472 (2d Cir.), *cert. denied*, 417 U.S. 947, 94 S.Ct. 3072, 41 L.Ed.2d 667 (1974); *Bartholomew v. Universe Tankships, Inc.*, 263 F.2d 437 (2d Cir.), *cert. denied*, 359 U.S. 1000, 79 S.Ct. 1138, 3 L.Ed.2d 1030 (1959). I hold that there were such substantial contacts sufficient for jurisdiction under the Jones Act.

 Plaintiff is a citizen and resident of Honduras. Defendant St. Grigorousa Maritime Co. Ltd. is a Liberian corporation and the owner of the M/S ST. NICHOLAS II, the vessel on which the alleged injury occurred. The vessel is registered in Liberia. St. Grigorousa Maritime Co. Ltd. is part of a far-flung shipping operation ultimately controlled by Anastasios E. Karavias and possibly members of his family. Mr. Karavias apparently has his principal residence in Greece, although he has an apartment in London, and one of his companies has an apartment at 1385 York Avenue in New York City, which he visits from time to time.

The Karavias interests have an important arm in the United States—namely defendant Karavias (U. S. A.) Inc. This company is located at 1345 Avenue of the Americas, New York City, and acts as agent for the Karavias interests in North and South America. Various corporations owning Karavias vessels— including defendant St. Grigorousa Mari-

time Co. Ltd.—have mailing addresses with Karavias (U. S. A.) Inc. in New York City.

The M/S ST. NICHOLAS II is a tramp tanker, apparently operating under short term charters wherever employment can be found. However, it would appear that during 1971 and 1972, and until about June 1973, the vessel was employed mainly between United States ports and foreign ports in the Western Hemisphere. During this time the vessel called frequently at United States ports. The crew records of the vessel indicate that there were about nine occasions when crewmen signed on or off the vessel in New York during the years 1971 and 1972.

Karavias (U. S. A.) Inc. had certain responsibilities for directing the ST. NICHOLAS II, and was responsible as husbanding agent to supply and man the vessel. Karavias (U. S. A.) Inc. obviously performed the same functions for other vessels owned by Karavias companies. Pursuant to this agency, Karavias (U. S. A.) Inc. arranged for plaintiff to be flown from Honduras to New York, where plaintiff joined the ST. NICHOLAS II on November 24, 1972.

At the time of the accident in question the vessel was proceeding from New York to undertake a charter with Union Oil Trading and Shipping Limited. The vessel was to load in Caribbean ports and to discharge in Atlantic ports north of Cape Hatteras. The accident occurred in the high seas off Cape Hatteras.

Following the accident, the master of the ST. NICHOLAS II communicated with Karavias (U. S. A.) Inc. about plaintiff's injury. Certain bills for medical treatment given to plaintiff in Honduras were sent to Karavias (U. S. A.) Inc., and presumably were paid by that company. Prior to the institution of this action, John Papatsos, Operations Manager for Karavias (U. S. A.) Inc., was attempting to arrive at a settlement of plaintiff's claim.

Another company in the Karavias operation is Thira Maritime Company Limited. This company has an office at the location of Karavias (U. S. A.) Inc. in New York City. It also has a bank account with Chase Manhattan Bank in New York City. At the time of the events in question, it appears that Thira was receiving the money from the charter hire of the ST. NICHOLAS II, part of which was used to make payments to the Chase Manhattan Bank under mortgages on the ST. NICHOLAS II. It is Thira Maritime Company Limited which pays the rent on the apartment at 1385 York Avenue.

In the initial submission on these motions, St. Grigorousa Maritime Co. Ltd. alleged that plaintiff had signed an agreement at the commencement of the voyage, the effect of which was that Greek law would apply and that employment disputes would be heard in the courts of Greece. St. Grigorousa Maritime Co. Ltd. now states that no such agreement has been found, and that its argument in this regard is dropped.

St. Grigorousa Maritime Co. Ltd. suggests that plaintiff should sue in Honduras, or Liberia, or Greece. While it is true that one or another of the parties has some contacts with each of these countries, these circumstances do not oust this Court of jurisdiction under the Jones Act so long as there are substantial relevant contacts with the United States. I hold that there are such substantial contacts. When the realities of the Karavias shipping operation are examined, and when the various separate corporations are looked at in relation to each other, it is apparent that the Karavias operation is world-wide, and that an important part of this operation is based in the United States.

Since the facts are such as to indicate the existence of jurisdiction under the Jones Act, it would of course be inappropriate for me to dismiss any part of the case on the ground of *forum non conveniens*. I should say that there is nothing to indicate that Greece or Liberia or Honduras would be as convenient or appropriate a forum as New York.

### III.

I now deal with the motions of Karavias (U. S. A.) Inc. and Karavias (London) Ltd. It is clear that Karavias (U. S. A.) was properly served and that the Court has personal jurisdiction over that company. It may well turn out that plaintiff has no cause of action against Karavias (U. S. A.) Inc. However, in my view the record has not been sufficiently developed to permit dismissal of Karavias (U. S. A.) Inc. at the present juncture.

As to Karavias (London) Ltd., the London agent of the Karavias interests, there has been no service of process upon this party except by means of delivery of the summons and complaint to Karavias (U. S. A.) Inc. No basis for asserting jurisdiction over Karavias (London) Ltd. has been shown.

### Conclusion

Plaintiff's motion for summary judgment on his claim for maintenance and cure is denied. The motions of defendants Karavias (U. S. A.) Inc. and St. Grigorousa Maritime Co. Ltd. for dismissal of the complaint are denied. The motion of Karavias (London) Ltd. for dismissal of the complaint is granted.