**Nathaniel CRUZ, Plaintiff-Appellant,**

v.

**MARITIME COMPANY OF PHILIPPINES, Defendant-Appellee.**

**No. 857, Docket 82–7785.**

United States Court of Appeals, Second Circuit.

Argued Feb. 9, 1983.

Decided March 10, 1983.

Florrie L. Wertheimer, New York City, for plaintiff-appellant.

John R. Geraghty, New York City (John P. James, Healy & Baillie, New York City, of counsel), for defendant-appellee.

Before TIMBERS and CARDAMONE, Circuit Judges, and BONSAL,* District Judge.

PER CURIAM:

This is an appeal from an order of the United States District Court (Leval, J.), 549 F.Supp. 285 (S.D.N.Y.1982), granting defendant Maritime Company of Philippines' motion to dismiss plaintiff Nathaniel Cruz's tort action on the ground of forum non conveniens. The district court appropriately applied the correct standards for determining whether to dismiss on forum non conveniens grounds. We do not find that it abused its large measure of discretion in ordering dismissal, *see Alcoa Steamship Co.,*

---

* United States District Judge for the Southern    District of New York, sitting by designation.

*Inc. v. M/V Nordic Regent,* 654 F.2d 147, 158 (2d Cir.1980) (*en banc*), and we therefore affirm.

■ We write simply to point out that maritime choice of law principles are not involved in a forum non conveniens analysis and that the district court's discussion on the subject was therefore unnecessary. Confusion may understandably have arisen from dicta in *Antypas v. Cia. Maritima San Basilio, S.A.,* 541 F.2d 307, 310 (2d Cir.1976), *cert. denied,* 429 U.S. 1098, 97 S.Ct. 1116, 51 L.Ed.2d 545 (1977), which indicated that if the Jones Act applied, the court was without power to dismiss on forum non conveniens grounds. *Antypas,* however, does not actually deal with a forum non conveniens issue. On its facts it can only be read to stand for the proposition that if the Jones Act applies the court may not dismiss for lack of subject matter jurisdiction. *Antypas,* in turn, cites *Bartholomew v. Universe Tankships, Inc.,* 263 F.2d 437, 443 (2d Cir.), *cert. denied,* 359 U.S. 1000, 79 S.Ct. 1138, 3 L.Ed.2d 1030 (1959), for the principle cited by the district court. But *Bartholomew* also is not a case involving forum non conveniens. That portion of *Bartholomew* cited in *Antypas* sets forth the general rule that "once federal law is found applicable the court's power to adjudicate *must* be exercised." *Id.* (emphasis added). The court in *Bartholomew* also recognized, however, that in "exceptional situations," such as where the abstention doctrine applies, the district court may dismiss despite the applicability of federal law. *See id.* A case involving forum non conveniens, like one involving abstention, presents just such an exceptional situation. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 504, 67 S.Ct. 839, 841, 91 L.Ed. 1055 (1947) (quoting *Canada Malting Co. v. Paterson Steamship, Ltd.,* 285 U.S. 413, 422–23, 52 S.Ct. 413, 415, 76 L.Ed. 837 (1932)).

■ To summarize, when the Jones Act is applicable federal law is involved and the district court must exercise its power to adjudicate, absent some exceptional circumstances such as the application of the abstention doctrine or, as here, the equitable principle of forum non conveniens.