Vasilia **HASAKIS**, Individually, and on behalf of Her Minor Children, Dionysios Hasakis and Marina Hasakis, and as Personal Representative of the Estate of Konstantinos Hasakis, Deceased, Plaintiff,

v.

**TRADE BULKERS, INC.**, Brokerage & Management Corp., and Gregory Callimanopoulos, Defendants.

No. 87 Civ. 2370 (MBM).

United States District Court, S.D. New York.

July 22, 1988.

Paul S. Edelman, Kreindler & Kreindler, New York City, for plaintiff Hasakis.

William J. Brady, Poles, Tublin, Patestides & Stratakis, New York City, for defendant Trade Bulkers, Inc.

## OPINION AND ORDER

MUKASEY, District Judge.

Plaintiff Vasilia Hasakis sues under the Jones Act, 46 U.S.C.App. § 688, and the General Admiralty and Maritime Law of the United States and the Death on the High Seas Act, 46 U.S.C.App. § 761 *et seq.*, for the wrongful death of her husband resulting from injuries he suffered while working aboard the M/V Trade Independence owned by defendant Trade Bulkers, Inc. Defendants move to dismiss on *forum non conveniens* grounds or, alternatively, for an order under Rule 12(b)(2) and (5), Fed.R.Civ.P., quashing service of the complaint on Trade Bulkers and dismissing the complaint against Trade Bulkers for lack of *in personam* jurisdiction, for an order under Rule 12(b)(6), Fed.R.Civ.P., dismissing the complaint against all three defendants for failure to state a claim on which relief can be granted, and for an order under Rule 12(b)(1), Fed.R.Civ.P., dismissing the complaint against all three defendants for lack of subject matter jurisdiction. For the reasons set forth below, the complaint is dismissed on grounds of *forum non conveniens.*

### I.

Plaintiff is a citizen and resident of Greece. Plaintiff's decedent was also a Greek citizen and resident; he was hired to work on the Trade Independence in Piraeus, Greece. The accident which led to his death occurred while the ship was travelling from Kharg Island in the Persian Gulf to the Mediterranean Sea. The ship, which has since been destroyed, was registered under the laws of Greece.

The owner of the ship, Trade Bulkers, is a Liberian corporation with its principal place of business in Piraeus, Greece. Trade Bulkers is owned by Trade & Transport, Inc., a Panamanian company with an office in Piraeus, Greece, which managed the day-to-day operation of the ship. Trade & Transport, in turn, is beneficially owned by defendant Callimanopoulos, who, although a citizen and resident of Greece, was educated in the United States, conducts business here, and has maintained a residence in New York City for more than 25 years.

Trade & Transport has an agreement with defendant Brokerage, a New York corporation with an office in New York, under which Brokerage acts as Trade & Transport's sub-agent in New York. In its capacity as sub-agent, Brokerage services the needs of ships managed by Trade & Transport while they are docked in United States ports.

### II.

The doctrine of *forum non conveniens* exists to ensure that the location of a trial is convenient. *Karvelis v. Constellation Lines, S.A.*, 608 F.Supp. 966, 971 (S.D.N.Y.1985), *aff'd*, 806 F.2d 49 (2d Cir.1986). There is a strong presumption favoring the forum chosen by the plaintiff unless private and public interest considerations clearly outweigh plaintiff's choice. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). As the Supreme Court has stated:

> when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would "establish ... oppressiveness and vexation to a defend-

ant ... out of all proportion to plaintiff's convenience," or when the "chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems," the court may, in the exercise of its sound discretion, dismiss the case.

*Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241, 102 S.Ct. 252, 258, 70 L.Ed.2d 419 (1981) (citing *Koster v. Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 524, 67 S.Ct. 828, 831–32, 91 L.Ed. 1067 (1947)).

■ The presumption favoring plaintiff's choice applies with less force where, as here, the plaintiff is not a citizen of the chosen forum. *Piper Aircraft Co., supra,* 454 U.S. at 255–56, 102 S.Ct. at 265–66. "Nonetheless, the burden remains on the defendants to demonstrate why the presumption in favor of plaintiff's choice—a weakened presumption though it may be—should be disturbed." *Karvelis, supra,* 608 F.Supp. at 972. In this case I find that defendants have succeeded in overcoming the presumption favoring plaintiff's choice of New York as a forum.

■ In *Gulf Oil, supra,* 330 U.S. at 508–09, 67 S.Ct. at 843–44, the Supreme Court discussed the private and public interest factors to be considered in resolving *forum non conveniens* questions, which factors it recently reaffirmed in *Piper Aircraft Co., supra.* The private interest factors include the relative ease of access to sources of evidence, the availability of compulsory process for witnesses, the cost of obtaining the attendance of witnesses, the practical problems related to pretrial and trial proceedings, and the possibility of viewing the location of the accident. Among the public interest factors to be considered are administrative difficulties which arise "when litigation is piled up in congested centers instead of being handled at its origin," *Gulf Oil, supra,* 330 U.S. at 508, 67 S.Ct. at 843, the imposition of jury duty on "people of a community which has no relation to the litigation," *Id.* at 508–09, 67 S.Ct. at 843, remoteness of the forum from the location of the accident, and the forum court's need to apply foreign law.

■ Examination of the foregoing factors in this case compels me to dismiss on *forum non conveniens* grounds. First, with respect to private interests, it appears that evidence is far more accessible in Greece than in New York. The accident, which took place somewhere between the Persian Gulf and the Mediterranean Sea, was investigated by the Shipping Attache of the Greek Consulate General in Genoa, Italy. The witnesses to the accident are of several nationalities, including Greek, but none are United States domiciliaries. In addition, evidence regarding plaintiff's damages is located in Greece, where she and her family live. Further, with respect to availability of witnesses and the cost of providing for their attendance, it appears that neither Greece nor the United States will be an entirely convenient forum insofar as at least some of the witnesses are not residents of either country.

To hold the trial here would create a significant practical difficulty insofar as it would undoubtedly necessitate much translation of live testimony, exhibits and depositions, which would be not only costly but also time consuming. Because it appears that none of the witnesses speak English, the need for translation would double the length of the trial. However, this factor alone is not a sufficient reason to dismiss on *forum non conveniens* grounds. *Karvelis, supra,* 608 F.Supp. at 972.

Although the above considerations are not sufficient in themselves to warrant dismissal of the case, substantial public interest considerations tip the balance in favor of dismissal. The United States has no significant connection with the action and has no interest in adjudicating the dispute between these parties. The accident did not occur here, and neither plaintiff nor her decedent has any connection with the United States. As the Supreme Court recognized in *Gulf Oil, supra,* 330 U.S. at 508–09, 67 S.Ct. at 843, jury service is not a burden that should be imposed on people of a community that has no relation to the litigation. Moreover, "our courts 'are already extremely attractive to foreign plaintiffs [and] would become even more attractive' if they did not decline to adjudicate

essentially foreign litigation." *Cruz v. Maritime Co. of Philippines*, 549 F.Supp. 285, 290 (S.D.N.Y.1982), *aff'd*, 702 F.2d 47 (2d Cir.1983).

I am guided by the reasoning of *Liaw Su Teng v. Skaarup Shipping Corp.*, Dkt. No. 84–80, slip op. (S.D.N.Y.1985), [available on WESTLAW, 1985 WL 1920], which the court declined to dismiss on *forum non conveniens* grounds. In that case, the court observed that although plaintiffs were citizens of Taiwan—where defendants argued the case should have been brought—defendants had no connection to Taiwan but did have substantial contacts with the United States, making the United States an appropriate forum. The court noted that one of the defendants was a Liberian corporation 95% owned by American citizens and residents with its principal place of business in Connecticut, and another was a New York corporation with its principal place of business in Connecticut. Unlike *Liaw Su Teng*, in which the defendants had no contacts with the alternative forum, Taiwan, defendants here have substantial contacts with Greece, making it a far more convenient forum than New York for adjudication of this action. Defendant Callimanopoulos is a Greek citizen and resident, and defendant Trade Bulkers, although incorporated in Liberia, has its principal place of business in Greece.

Although plaintiff argues that defendants' shipping operation is financed at least in part by New York based banks, and that defendant Callimanopoulos owns real property here, the fact remains that apart from defendant Brokerage, the New York sub-agent, which has no apparent involvement with the events underlying the action, the parties are foreign entities and citizens who have no contacts with the United States that are of any significance with respect to this litigation.

Finally, plaintiff does not claim that Greece is not an available alternative forum. Indeed, defendants have already brought an action there seeking a declaratory judgment as to their liability to plaintiff. Further, defendant Trade Bulkers has stipulated that it will waive any jurisdic-

tional or statute of limitations defenses it may have to plaintiff's action if it is brought in Greece within a reasonable time after dismissal here.

For the foregoing reasons, defendants' motion to dismiss on grounds of *forum non conveniens* is granted, and the complaint is dismissed on the condition that the above stipulation is adhered to. If defendants fail to adhere to the stipulation, the action may be reinstated within a reasonable time.