13-4734-cv
*Chirag v. MT Marida Marguerite Schiffahrts*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of March, two thousand fifteen.

Present:
>      ROBERT A. KATZMANN,
>                          *Chief Judge*,
>      JOHN M. WALKER, JR.,
>      DENNY CHIN,
>                          *Circuit Judges*.

───────────────────────────────────────

BAHRI CHIRAG and DANGWAL SANDEEP,

>      *Plaintiffs-Appellants*,

>                v.                                    No. 13-4734-cv

MT MARIDA MARGUERITE SCHIFFAHRTS, MARIDA
TANKERS, INC., and HEIDMAR, INC.,

>      *Defendants-Appellees*,

XYZ SHIP OWNER and XYZ SHIP EMPLOYER,

>      *Defendants*.

───────────────────────────────────────

For Plaintiffs-Appellants:                    MICHAEL A. WINKLEMAN, Lipcon, Margulies, Alsina & Winkleman, P.A., Miami, FL.

For Defendant-Appellee MT
Marida Marguerite Schiffahrts:                JOHN J. WALSH, Freehill, Hogan & Mahar, LLP, New York, NY.

For Defendant-Appellee Marida
Tankers, Inc.:                                PATRICK F. LENNON, Lennon, Murphy, Caufield & Phillips, LLC, New York, NY.

For Defendant-Appellee Heidmar,
Inc.:                                         TODD P. KENYON (Alton J. Evans, Jr., *on the brief*), Betancourt, Van Hemmen, Greco & Kenyon, LLC, New York, NY.

Appeal from the United States District Court for the District of Connecticut (Underhill, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants appeal from a final judgment entered on November 15, 2013, by the United States District Court for the District of Connecticut (Underhill, *J.*). On appeal, plaintiffs challenge four orders of the district court, two denying jurisdictional discovery entered on November 21, 2012,[1] and May 22, 2013, one dismissing the complaint with respect to MT Marida Marguerite Schiffahrts ("Marida Marguerite") for lack of personal jurisdiction, and one dismissing the complaint with respect to Marida Tankers, Inc. ("Marida Tankers") and Heidmar, Inc. ("Heidmar US") on grounds of *forum non conveniens*. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

---

[1] The district court granted the plaintiffs' motion for jurisdictional discovery in the first instance on August 15, 2012, before granting defendants' motion for reconsideration and denying jurisdictional discovery.

2

We review a district court's denial of jurisdictional discovery for abuse of discretion. *See Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87, 93–94 (2d Cir. 1975). "Where, as here, the district court relies on the pleadings and affidavits, and does not conduct a full-blown evidentiary hearing, we review the district court's resulting legal conclusions *de novo*." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013) (per curiam) (internal quotation marks omitted). We review the district court's dismissal of a complaint on grounds of *forum non conveniens* for abuse of discretion. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (en banc). "Discretion is abused in the context of *forum non conveniens* when a decision (1) rests either on an error of law or on a clearly erroneous finding of fact, or (2) cannot be located within the range of permissible decisions, or (3) fails to consider all the relevant factors or unreasonably balances those factors." *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 70 (2d Cir. 2003) (internal citations omitted).

First, the district court did not abuse its discretion in its November 21, 2012 order denying plaintiffs' motion for jurisdictional discovery with respect to Marida Marguerite prior to adjudicating the defendant's motion to dismiss for lack of personal jurisdiction. Where plaintiffs do not establish a prima facie case that the district court has jurisdiction over the defendant, the district court does not err in denying jurisdictional discovery. *See Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 186 (2d Cir. 1998). A prima facie case requires non-conclusory fact-specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place. *Id.* at 185. Here, with the exception of a single statement that "[t]he Subject Vessel . . . regularly call[s] on ports in Connecticut," all other allegations in the complaint are purely conclusory. J.A. 2. And nothing contained in the two exhibits attached to plaintiffs' motion for

3

jurisdictional discovery with respect to Marida Marguerite either supports plaintiffs' single non-conclusory allegation, or establishes a prima facie case[2] for jurisdiction.

Second, the district court correctly dismissed the complaint with respect to Marida Marguerite for lack of personal jurisdiction. "In a federal question case," as is the case here, "where a defendant resides outside the forum state, a federal court applies the forum state's personal jurisdiction rules," here, Connecticut. *See PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997). As explained by the Connecticut Supreme Court, the resolution of jurisdictional questions involves a two-step analysis: first, the court must determine whether Connecticut's "long-arm statute authorizes the assertion of jurisdiction over the defendant[;]" second, the court must determine if the exercise of jurisdiction over the defendant "violate[s] constitutional principles of due process." *Knipple v. Viking Comm'ns, Ltd.*, 674 A.2d 426, 428–29 (Conn. 1996) (internal quotation marks omitted). The Due Process Clause requires that personal jurisdiction over a nonresident corporation be based upon "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales De Colombia S.A. v. Hall*, 466 U.S. 408,

---

[2] The strongest argument in support of a prima facie case for jurisdiction is an exhibit attached to plaintiffs' motion to conduct limited jurisdictional discovery, which states that "Marida [Tankers] Inc. is managed by Nordic WOMAR, with offices in Singapore, Mumbai, London, Copenhagen, *Stamford*, Houston, Bogota, Mexico City, and Buenos Aires, as general agents." J.A. 47 (emphasis added). Plaintiffs assert that this document, along with the allegation that Marida Marguerite had contractual relations with Marida Tankers, satisfies the Connecticut Long Arm Statute's provision that "a court may exercise personal jurisdiction over any . . . foreign partnership . . . who in person or through an agent (1) [t]ransacts any business within the state." Connecticut General Statute § 52-59b. But this document provides at most evidence that Marida Tankers, a Marshall Islands company, had a Connecticut office or address; it provides no evidence that Marida Marguerite, a German company, by virtue of having contractual relations with a Marshall Islands company with a Connecticut address, therefore transacted any business within the state of Connecticut.

414 (1984) (alteration and internal quotation marks). Where, as here, the cause of action does not arise from the defendants' contacts with the forum, defendants' activities within the forum must be of a "'continuous and systematic' nature," *id*. at 416, such that the defendant "should reasonably anticipate being haled into court there," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985), by virtue of "there be[ing] some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," *id*. at 475 (internal quotation marks omitted). Here, there is no plausible allegation that Marida Marguerite had sufficient continuous and systematic contacts with Connecticut that invoked the protections and benefits of Connecticut's laws. Thus, the district court appropriately dismissed the complaint against Marida Marguerite for lack of personal jurisdiction.

Third, the district court did not abuse its discretion in its May 22, 2013 order denying plaintiffs' motion for jurisdictional discovery with respect to Marida Tankers prior to adjudicating defendants' motion to dismiss on grounds of *forum non conveniens*. Although plaintiffs contend that jurisdictional discovery was necessary to litigate defendants' substantive *forum non conveniens* motion, in fact, the Supreme Court has held that a district court is not required to first establish its own jurisdiction before dismissing a suit on grounds of *forum non conveniens*. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007). Furthermore, the plaintiffs' motion sought discovery with respect to defendants' "base of operations," which is one of the factors considered by the court in a Jones Act choice of law analysis. *Hellenic Lines Ltd. v. Rhoditis*, 398 U.S. 306, 309 (1970). But this court has held in binding precedent that "maritime choice of law principles are not involved in a forum non

5

conveniens analysis." *Cruz v. Maritime Co. of Phillippines*, 702 F.2d 47, 48 (2d Cir. 1983) (per

curiam).[3] Thus, the district court did not abuse its discretion in denying jurisdictional discovery.

Finally, the district court did not abuse its discretion in dismissing the complaint with

respect to Marida Tankers and Heidmar US on *forum non conveniens* grounds. The Second

Circuit has outlined a three-step *forum non conveniens* analysis in which this court must first,

determine the degree of deference properly accorded to the plaintiffs' choice of forum; second,

consider whether the alternative forum proposed by the defendants is adequate to adjudicate the

dispute at issue; and third, balance the private and public interests implicated in the choice of

forum. *See Norex Petroleum Ltd. v. Access Indus.*, 416 F.3d 146, 153 (2d Cir. 2005); *Iragorri*,

274 F.3d at 73–74. First, the district court correctly found "that the plaintiff's choice of forum

should receive less deference in this case," J.A. 654, as, *inter alia*, "plaintiffs are nationals and

residents of India," *id*., and a lesser degree of deference is given to plaintiffs' choice of forum

when they are foreign, *see generally Iragorri*, 274 F.3d at 74.

Second, an adequate alternative forum exists in Germany. An alternative forum is

"available" where defendants are "'amenable to process' in the [alternative] jurisdiction," and

"adequate" if it provides for "litigation of the subject matter of the dispute." *Piper Aircraft Co. v.*

---

[3] To the extent that plaintiffs contend the district court erred by not conducting a choice of law analysis prior to its *forum non conveniens* analysis, that argument fails as well for the same reason. Specifically, plaintiffs cite *Antypas* for the proposition that "[w]here the Jones Act applies . . . a district court has no power to dismiss on grounds of forum non conveniens." *Antypas v. Cia. Maritima San Basilio, S.A.*, 541 F.2d 307, 310 (2d Cir. 1976) (citation omitted). However, that statement is non-binding dicta, as later explicitly clarified in *Cruz*. 702 F.2d at 48 ("Confusion may understandably have arisen from dicta in *Antypas* . . . which indicated that if the Jones Act applied, the court was without power to dismiss on forum non conveniens grounds . . . . [H]owever, in exceptional situations, . . . the district court may dismiss despite the applicability of federal law. A case involving forum non conveniens . . . presents just such an exceptional situation." (internal quotation marks omitted)).

*Reyno*, 454 U.S. 235, 255 n. 22 (1981). First, Marida Marguerite and Marida Tankers are amenable to process in Germany, as Marida Marguerite is a German limited partnership, and Marida Tankers stipulated to jurisdiction in Germany.[4] Second, as the district court properly found, "[a]lthough plaintiffs seek a remedy under the Jones Act," plaintiffs' "underlying allegations sound in negligence." J.A. 656. And the district court here cited several other district court decisions in this circuit finding that German courts have been found to be available to adequately adjudicate negligence claims. *See, e.g.*, *Banculescu v. Compania Sud Americana De Vapores, SA,* No. 11-CV-2681, 2012 WL 5909696, at *7 (S.D.N.Y. Nov. 26, 2012).

Third, both private and public interests weigh in favor of litigating this case in an alternative forum. Under *Gilbert*, district courts consider as private interest factors "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Iragorri*, 274 F.3d at 73–74 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). The district court appropriately determined that the private interest factors supported a *forum non conveniens* dismissal, because, *inter alia*, documentary evidence is located in Germany, the ship's owner and operator has its base of operations in Germany, plaintiffs' employment contracts were entered into in India, the crew consisted of nineteen Indians, two Bangladeshis, and one Ukrainian, the plaintiffs' injuries were caused by Somali pirates, several of the hijacking parties are located in Ireland, and witnesses

---

[4] Heidmar US, for its part, is likely not a proper party to the suit, as it is "only connected to this litigation because a Heidmar affiliate was acting as [Marida Tankers'] general agent at the relevant time." J.A. 656.

and evidence are likely to be located all over the globe, and little, if any evidence or witnesses, are likely to be found in the United States. As for public interest factors, such as congested calendars of the Court, the "local interest in having localized controversies decided at home . . . . [and the] appropriateness . . . in having the trial of a diversity case in a forum that is at home," *id.* at 74 (quoting *Gulf Oil Corp.*, 330 U.S. at 509), the district court reasonably found that "this case will place a heavy administrative burden on the court and present a difficult task for the jury because the heart of the dispute is essentially foreign," J.A. 659, "would involve 'untangl[ing] problems in conflicts of laws' and making determinations about foreign law," J.A. 660, and that the United States "has no real interest in the subject matter of this dispute, which is a negligence action brought by Indian plaintiffs against a German defendant, a Marshall Islands defendant, and a U.S. defendant that additional discovery likely would reveal is not a proper party to this action," J.A. 659. Thus, the district court did not abuse its discretion in dismissing the complaint against Marida Tankers and Heidmar US on grounds of *forum non conveniens*.

We have considered all of the Plaintiffs-Appellants' remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

8