Loukia S. DOUFEXIS, Individually, As Natural Tutrix of her Minor Children, Constantinos Stavros Doufexis and Sofia Doufexis, Minors, and as Personal Representative of the Estate of Stavros Doufexis, deceased, Plaintiff,

v.

NAGOS S.S., INC., Golden Nagos Marinera, S.A., Lygnos Brothers Shipping, Inc., In Personam, and the M/V GOLDEN NAGOS, Her Engines, Tackles and Appurtenances, In Rem, Defendants.

No. 82 Civ. 5673 (HFW).

United States District Court, S.D. New York.

Aug. 16, 1983.

Kreindler & Kreindler by Paul S. Edelman, New York City, for plaintiff.

Freehill, Hogan & Mahar by Patrick J. Bonner, New York City, for defendants.

MEMORANDUM DECISION

WERKER, District Judge.

Plaintiff brings this action individually, as the natural tutrix of her minor children, and as the personal representative of the estate of her deceased husband, Stavros Doufexis, to recover damages for the decedent's death.[1] Her claims are asserted un-

---

1. The action originally was commenced in the United States District Court for the Eastern District of Louisiana, when plaintiff seized the Golden Nagos. The parties thereafter entered into a stipulation releasing the vessel. Pursuant to the terms of the stipulation, the case was

der both the Jones Act, 46 U.S.C. § 688, and general maritime law. The matter presently is before the court on defendants' motion to dismiss the complaint on the ground of forum non conveniens. For the reasons that follow, the motion is granted.

## FACTS

The decedent was a Greek resident and citizen. At the time of his death, he was employed as a secondmate on the defendant vessel, the M/V Golden Nagos ("Golden Nagos"). The injury that allegedly caused his death occurred on or about the morning of December 29, 1980. The decedent allegedly slipped on the starboard wing of the vessel while stepping up to a platform on which the sight-vane was located. He died on December 30, 1980, while the vessel was bound for or in the vicinity of Sardinia, Italy.

The Golden Nagos is a Greek flag vessel and is owned by defendant Golden Nagos Marinera, S.A., a Panamanian corporation. Defendant Lygnos Brothers Shipping, Inc. is a New Jersey corporation with its office in Englewood, New Jersey and acts as the agent of the shipowner in the United States. The shipowner also has an agent located in Piraeus, Greece.[2]

## DISCUSSION

Defendants claim that dismissal is warranted because all of the factors traditionally considered on a forum non conveniens motion point to Greece as being the most convenient place for the litigation of this action. Plaintiff, on the other hand, argues that, because the shipowner derives substantial revenue from and has a base of operations in the United States, the action

transferred to this court, with defendants' rights to interpose any defense being expressly reserved.

2. The shipowner commenced an action in the Greek courts against the plaintiff herein for a declaratory order clarifying the rights of the parties. The Greek court dismissed the case on the ground that the shipowner failed to allege that it had given the plaintiff in this case a reasonable time to exercise her right to claim the compensation due her under Greek law.

is one to which the Jones Act applies and therefore cannot be dismissed on the ground of forum non conveniens.

It previously had been thought to be the rule in this circuit that the district court had no power to dismiss a Jones Act case for forum non conveniens. *E.g., Antypas v. CIA. Maritima San Basilio, S.A.,* 541 F.2d 307, 310 (2d Cir.1976), *cert. denied,* 429 U.S. 1098, 97 S.Ct. 1116, 51 L.Ed.2d 545 (1977). Where the shipowner had a base of operations in the United States, the courts often found that the case was governed by the Jones Act and therefore could not be dismissed under the forum non conveniens doctrine. *E.g., Id.; Moncada v. Lemuria Shipping Corp.,* 491 F.2d 470, 473 (2d Cir.), *cert. denied sub nom. Ekberg Shipping Corp. v. Moncada,* 417 U.S. 947, 94 S.Ct. 3072, 41 L.Ed.2d 667 (1974).

In *Cruz v. Maritime Co. of Philippines,* 702 F.2d 47 (2d Cir.1983) (per curiam), however, the Second Circuit declared this line of thinking to be in error and held that the applicability of the Jones Act does not prohibit the district court from dismissing the case on the ground of forum non conveniens. *Id.* at 48.[3] Under *Cruz,* the district court no longer need first determine whether the Jones Act applies before resolving a forum non conveniens motion, *id.,* and therefore, this court will not do so here.

When applying the forum non conveniens doctrine, the court must balance both the private interests of the litigants and the interests of the public. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91

3. The court stated that,
    when the Jones Act is applicable federal law is involved and the district court must exercise its power to adjudicate, absent some exceptional circumstances such as the application of the abstention doctrine or ... the equitable principle of forum non conveniens. 702 F.2d at 48.

L.Ed. 1055. (1947). Among the private interests are

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; ... and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Public interest factors include the relationship between the forum and the litigation and the interest of the forum in resolving the dispute. *Id.*

Applying these criteria to the facts of this case, it is apparent that Greece is a more convenient forum for the litigation of this action. To begin with, plaintiff is a Greek citizen. Although a plaintiff's choice of forum rarely should be disturbed, that rule is not always followed when the plaintiff is foreign. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 256, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981). In addition, most, if not all, the sources of documentary proof, including the ship's log, medical, autopsy and decedent's personal records are located either in Greece, on board the vessel or in Sardinia. Moreover, many of the potential witnesses to the accident are Greek nationals. Other material witnesses, such as examining physicians, who may be called to testify about the causes of the decedent's death or his prior medical history most likely are either in Greece or Sardinia. All would be outside the reach of the subpoena power of this court. And, should the witnesses voluntarily agree to testify in New York, the transportation and lodging costs would be enormous.[4] Finally, if the case were tried here, the parties would incur the additional expense of hiring interpreters to translate virtually all of the documentary evidence and the testimony of witnesses during trial. On the other hand, if the trial were to take place in Greece, the translation costs would be substantially re-duced. Furthermore, it would be relatively less expensive and more efficient to transport documents or witnesses from Sardinia.

The public interest factors also point to Greece as being the proper forum. There is little connection between the United States and this litigation. Nor does the United States have any significant interest in the resolution of the dispute. The decedent was Greek and was employed on a Greek flag ship at the time of his death. His widow and children are Greek. It is obvious that Greece has a more substantial interest in the resolution of this dispute.

Greece is a more convenient and available forum for the litigation of this action. Defendants' motion to dismiss the complaint for forum non conveniens therefore is granted.

SO ORDERED.

---

**4.** Although plaintiff argues that these witnesses could be deposed, it would be unjust to overburden defendants in the exercise of their right to present live testimony. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 511, 67 S.Ct. 839, 844, 91 L.Ed. 1055 (1947).