### Linton WALTERS, Plaintiff,

v.

### PRINCE OF FUNDY CRUISES, LIMITED, et al., Defendants.

### Civ. No. 91–0066–P–C.

United States District Court, D. Maine.

Dec. 19, 1991.

Order Jan. 2, 1992.

---

William J. Griset, Jr., Michael B. Latti, Latti Associates, Boston, Mass., for plaintiff.

Leonard W. Langer, Thompson, McNaboe, Ashley & Bull, Portland, Me., for defendants.

## RECOMMENDED DECISION ON DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

DAVID M. COHEN, United States Magistrate Judge.

Defendants Prince of Fundy Cruises, Limited ("PFCL") and Transworld Steamship Company (Bermuda) ("Transworld"), both foreign corporations, seek dismissal of or summary judgment as to foreign plaintiff Linton Walter's diversity claims for damages as an injured seaman under the Jones Act, 46 U.S.C.App. § 688, and the general maritime law of the United States. The defendants argue that, under a choice-of-law analysis, American law does not apply to the plaintiff's claim and that therefore (1) the plaintiff fails to state a claim upon which relief can be granted, (2) the court lacks subject matter jurisdiction, (3) a finding of *forum non conveniens* is appropriate and (4) for these reasons the defendants are entitled to judgment as a matter of law.

For the reasons enumerated below, I recommend that the court grant the defendants' motion for summary judgment.

### I. SUMMARY JUDGMENT STANDARDS

When, as here, a motion to dismiss for failure to state a claim is supported by matters outside the pleadings and those matters are not excluded by the court, the motion is to be treated as one for summary judgment and disposed of in accordance with Rule 56. Fed.R.Civ.P. 12(b).[1]

---

1. The Supreme Court has made clear that in a choice-of-law challenge under the Jones Act a district court has subject matter jurisdiction and therefore properly proceeds to determine

Rule 56(b) provides that "[a] party against whom a claim ... is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Such motions must be granted if

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In determining if this burden is met, the court must view the record in the light most favorable to the nonmoving party and "give that party the benefit of all reasonable inferences to be drawn in its favor." *Ortega–Rosario v. Alvarado–Ortiz,* 917 F.2d 71, 73 (1st Cir. 1990) (citation omitted). "Once the movant has presented probative evidence establishing its entitlement to judgment, the party opposing the motion must set forth specific facts demonstrating that there is a material and genuine issue for trial." *Id.* at 73 (citations omitted); Fed.R.Civ.P. 56(e); Local R. 19(b)(2). A fact is "material" if it may affect the outcome of the case; a dispute is "genuine" only if trial is necessary to resolve evidentiary disagreement. *Ortega–Rosario,* 917 F.2d at 73.

## II. FACTUAL CONTEXT

The plaintiff is a citizen and resident of Jamaica. Affidavit of Henk A. Pols ("Pols Affidavit I") (Docket Item 17) ¶ 5. In late July 1989 he was working as a deckhand on the M/S Scotia Prince while it was docked at a ferry terminal in Yarmouth, Nova Scotia. Plaintiff's Answers to Defendant Prince of Fundy Cruises, Limited's First Set of Interrogatories at 9, 36. During the

whether the plaintiff states a claim. *Romero v. International Terminal Operating Co.,* 358 U.S.

course of his duties he sustained serious injuries to his back. *Id.* at 9–10.

The Scotia Prince is owned by Transworld, a Panamanian corporation, and is registered in Panama. Pols Affidavit I ¶ 3. Transworld does not participate in the operation of the vessel. Affidavit of Henk A. Pols ("Pols Affidavit II") (Docket Item 26) ¶ 2. Instead, PFCL, which is incorporated in Bermuda, operates the vessel seasonally as a ferry between Portland, Maine and Yarmouth, Nova Scotia pursuant to a bareboat charter. Pols Affidavit I ¶ 3; Pols Affidavit II ¶ 2. PFCL maintains offices in both cities. Plaintiff's Complaint ¶ 2; Prince of Fundy Cruises, Ltd.'s Answer & Affirmative Defenses ¶ 2; Pols Affidavit II ¶ 5. During the off-season the vessel is berthed outside the United States, usually in Nova Scotia. Pols Affidavit II ¶ 8. Although the president of PFCL, Henk A. Pols, is a resident of the United States, no other officers, directors or shareholders of PFCL and no officers, directors or shareholders of Transworld are citizens or residents of this country. *Id.* II ¶¶ 3–4; Pols Affidavit I ¶ 1.

Walters executed his employment contract with PFCL in Nova Scotia. Pols Affidavit I ¶ 6. The contract provides, *inter alia,* that "the articles of agreement of the country where the [Scotia Prince] is registered form part of this contract of employment," and that "[t]he material decision of the arbitration court exclusively has to be found in accordance with the law of the country where the vessel is registered." Exh. B attached to Pols Affidavit I.

## III. LEGAL ANALYSIS

The plaintiff, a foreign national, argues that the contacts between his claims and the United States are sufficiently substantial to state a claim under United States law, namely the Jones Act and the general maritime law. Plaintiff's Memorandum of Law in Support of Objection to Defendants' Motion to Dismiss and/or for Summary Judgment at 3. He asserts that,

354, 359, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959).

although he cannot satisfy the majority of the factors favoring such a ruling, there is a substantial nexus between his claims and this forum based on the fact that PFCL's base of operations is Portland, Maine, its president is a resident of Cape Elizabeth, Maine and the M/S Scotia Prince operates seasonally between Portland and Yarmouth, Nova Scotia. *Id.* at 5–6. The defendants contend that all of the relevant facts compel a determination that United States law is inapplicable to the plaintiff's suit. Memorandum of Law in Support of Defendants' Motion to Dismiss and/or for Summary Judgment at 5–7; Reply Memorandum in Support of Defendants' Motion to Dismiss and/or for Summary Judgment at 2–5.

American courts have construed the Jones Act, which provides injured seamen a remedy against their employers, as applicable only to certain employers.[2] *Hellenic Lines Ltd. v. Rhoditis,* 398 U.S. 306, 308, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970). In order to determine whether foreign parties are to be held to be "employers" for Jones Act purposes, the Supreme Court initially identified for consideration the following seven influential factors:

> (1) the place of the wrongful act; (2) the law of the flag; (3) the allegiance or domicile of the injured seaman; (4) allegiance of the defendant shipowner; (5) the place where the contract of employment was made; (6) the inaccessibility of a foreign forum; and (7) the law of the forum.

*Id.* Subsequently, the Court supplemented the list, which was "not intended as exhaustive," to include an eighth factor, "the shipowner's *base of operations.* " *Id.* at 309, 90 S.Ct. at 1734 (emphasis in original). The Supreme Court has applied the same choice-of-law analysis to general maritime claims stating, "the similarity in purpose and function of the Jones Act and the general maritime principles of compensation for personal injury, admit of no rational differentiation of treatment for choice of

law purposes." *Romero v. International Terminal Operating Co.,* 358 U.S. 354, 382, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959).

The importance of each choice-of-law factor may vary from case to case depending upon the totality of the circumstances. *See Rhoditis,* 398 U.S. at 310, 90 S.Ct. at 1734 (a court is to consider the enumerated factors as "weights in the scales" in "the totality of the circumstances" to determine "the actual operational contacts" that the ship and shipowner have with the United States.) Nevertheless, the first factor—place of injury—is generally "of little significance." *Kukias v. Chandris Lines, Inc.,* 839 F.2d 860, 862 (1st Cir.1988) (citing *Romero,* 358 U.S. at 384, 79 S.Ct. at 486 ("The amount and type of recovery which a foreign seaman may receive from his foreign employer while sailing on a foreign ship should not depend on the wholly fortuitous circumstance of the place of injury.")) In the plaintiff's case, the situs of his alleged injury is Nova Scotia.

"The second factor, the law of the flag, has been said to be of 'cardinal importance' in determining the choice of law in maritime cases." *Kukias,* 839 F.2d at 862 (citing *Lauritzen v. Larsen,* 345 U.S. 571, 584, 73 S.Ct. 921, 929, 97 L.Ed. 1254 (1953)). In fact, the Supreme Court has indicated that "the flag that a ship flies may, at times, alone be sufficient." *Rhoditis,* 398 U.S. at 308, 90 S.Ct. at 1733 (citing *Lauritzen,* 345 U.S. at 585–86, 73 S.Ct. at 929–30.) The Scotia Prince flies the flag of Panama.

The allegiance or domicile of the seaman, which is the third factor, is also significant in determining the choice of law. *Kukias,* 839 F.2d at 862. Walters is a Jamaican resident and citizen.

The fourth factor, the allegiance or domicile of both the shipowner and ship operator, is likewise significant in the choice-of-law calculus. "In determining the allegiances of these corporations, the court must 'look through the facade of foreign registration and incorporation to find the true ownership of the vessel' and its opera-

---

**2.** The Act reads, in part, "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an ac-

tion for damages at law...." 46 U.S.C.App. § 688(a).

tor." *Id.* (quoting *Villar v. Crowley Maritime Corp.*, 782 F.2d 1478, 1481 (9th Cir. 1986)). Transworld is incorporated in Panama and PFCL in Bermuda. The plaintiff has failed to present any evidence suggesting that either corporation is a mere shell created by American interests to avoid the requirements of American law. *See Cruz v. Maritime Co. of Philippines*, 549 F.Supp. 285, 288 (S.D.N.Y.1982), *aff'd,* 702 F.2d 47 (2d Cir.1983). Aside from the residency of PFCL's president in the United States, no other officer and no director or shareholder of either company has been shown to be a citizen or resident of this country. Based on the absence of evidence to the contrary, Transworld and PFCL must be deemed to hail from Panama and Bermuda respectively.

Little weight is given to the fifth factor in maritime choice-of-law determinations on the ground that the place in which a seaman executes an employment contract is generally fortuitous. *Lauritzen*, 345 U.S. at 588, 73 S.Ct. at 931. However, the " '[c]hoice of law expressed in the contract may be much more important.' " *Kukias*, 839 F.2d at 862 (quoting *Villar*, 782 F.2d at 1481). This proposition is based on "the tendency of the law ... to apply in contract matters the law which the parties intended to apply." *Lauritzen*, 345 U.S. at 589, 73 S.Ct. at 931. Although Walters executed his employment contract in Nova Scotia, the terms of the contract stipulate that the laws of the country in which the vessel is registered are applicable—in this case Panamanian law.

The sixth factor, whether a foreign forum is available, is not ascertainable on the present record.

The law of the forum, the seventh factor, is of little value in determining choice of law when, as here, a defendant does not submit to jurisdiction voluntarily. *Kukias*, 839 F.2d at 863.

The plaintiff argues that the eighth factor, the defendants' base of operations dictates American law as the choice of law in this case. An amalgam of information may indicate whether the shipowner or operator is "engaged in an extensive business operation in this country," or is merely a "casual visitor." *Rhoditis*, 398 U.S. at 310, 90 S.Ct. at 17. In *Rhoditis*, the Court concluded from its choice-of-law analysis that American law applied in that case even though the shipowner and seaman were Greek, the vessel was registered in Greece, the employment contract was executed in Greece, and the Grecian forum was available. The Court based its decision on the facts that the owner of the vessel and its operating company was a Greek citizen domiciled in the United States and resident here for nearly twenty-five years, that he owned in excess of 95 percent of the stock of his companies and that he conducted his companies' business from two offices—a base of operations—both of which were located in the United States, and that the vessel earned its entire income from cargo either originating or terminating in the United States.

No such array of close connections between the defendants and the United States is evidenced here. The plaintiff has failed to prove that PFCL's Portland office is its principal place of business and has made no showing of any contacts whatever between co-defendant Transworld and this country.[3] The plaintiff has simply shown some contact between PFCL and the United States, namely that PFCL's president lives in Cape Elizabeth, Maine, that the corporation maintains an office in the United States (Portland) and the fact that the vessel travels seasonally between Yarmouth, Nova Scotia and Portland. On the present record it appears that PFCL has similar contacts with Nova Scotia, plus a significant additional one deriving from the fact that the Scotia Prince is usually berthed there in the off-season. The record reveals no information concerning

---

**3.** The plaintiff has filed as an exhibit a brochure advertising the Scotia Prince. Exh. B to Plaintiff's Memorandum of Law in Support of Objection to Defendants' Motion to Dismiss and/or for Summary Judgment. The brochure identifies PFCL as located at an address in Portland, Maine. The defendants have objected to the court's consideration of the brochure because it has not been properly authenticated for Rule 56(e) purposes. The objection is sustained.

sources of income[4] and, as indicated, is otherwise inconclusive on the issue of where PFCL is operationally principally based. In any event, the location of a defendant's base of operations is not dispositive. *Kukias*, 839 F.2d at 864 ("The post-*Rhoditis* decisions continue to consider the full range of factors relevant to a choice-of-law determination, and, in appropriate cases, have declined to apply the Jones Act despite a finding that the shipowner had substantial domestic contacts.").

In the totality of the circumstances, the choice-of-law analysis mandated by the Supreme Court compels the conclusion that American law does not apply in this case. Having based his claims on the Jones Act and the general maritime law of the United States, the plaintiff has failed to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, I recommend that the court *GRANT* the defendants' motion for summary judgment.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

---

4. Even if it did, the First Circuit has stated that evidence that a defendant employer derives substantial revenue from and maintains regular contacts with the United States does not necessarily support a finding that the employer is based in the United States. *Kukias*, 839 F.2d at 864. In *Kukias*, the court found that the defendant did not have a base of operations in the United States notwithstanding these facts: the

## ORDER

The parties having consented to have me conduct all proceedings in this case pursuant to Title 28, United States Code, Section 636(c), the Defendants' Motion for Summary Judgment is hereby GRANTED for the reasons stated in my Recommended Decision dated and entered December 19, 1991.

defendant's vessel departed on weekly cruises from the United States for much of the year; the defendant received substantial revenue from American sources which was generated by operation of the vessel and collected by a domestic corporation; the vessel was supplied with food and provisions in an American port; and large sums were spent on advertising the vessel in the United States. *Id.*